DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

ELSA HALL as PERSONAL                )
REPRESENTATIVE of the ESTATE OF )
ETHLYN LOUIS HALL, and ELSA Hall )
as TRUSTEE of the ETHLYN LOUISE )
HALL FAMILY TRUST,                   )    Civil No. 2011-54
                                     )
              Plaintiff,             )
                                     )
              v.                     )
                                     )
SAMUEL H. HALL, Jr. and HALL &  )
GRIFFITH, P.C.,                      )
                                     )
              Defendants and    )
              Counterclaimants. )
_____ )
                                     )
SAMUEL H. HALL, Jr. and HALL &  )
GRIFFITH, P.C.,                      )
                                     )
              Counterclaimants, )
                                     )
              v.                     )
                                     )
ELSA HALL,                           )
                                     )
              Counterclaim      )
              Defendant.        )
                                     )
_____ )
                                     )
SAMUEL H. HALL, Jr. and HALL &  )
GRIFFITH, P.C.,                      )
                                     )
              Plaintiffs,            )
                                     )
              v.                     )
                                     )
PHYLLIS HALL-BRIN and OTHERS    )
KNOWN AND UNKNOWN,              )
                                     )
              Third Party       )
              Defendants.       )
_____ )

*Hall v. Hall*
Civil No. 2011-cv-54
Memorandum Opinion
Page 2

**ATTORNEYS:**

**Andrew C. Simpson, Esq.**
**Emily A. Shoup, Esq.**
Law Offices of Andrew Simpson
St. Croix, U.S.V.I.
    *For Elsa Emily Hall.*

**Robert L. King, Esq.**
Law Offices of Robert L. King
St. Thomas, U.S.V.I.
    *For Samuel Hall and Hall and Griffith, PC.*

**Phyllis Hall Brin**
    *Pro se.*


**MEMORANDUM OPINION**

**GÓMEZ, C.J.**

   Before the Court is a motion to dismiss, filed by Attorney

Samuel H. Hall, Jr., and his law firm, Hall and Griffith, P.C.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

   At all material times, until approximately April 19, 2002,

Ethlyn Louise Hall ("Mrs. Hall")[1] was the owner of the plot of

land known as Parcel 17, Estate Peter Bay, St. John, U.S.V.I.

("the Property"). On or about April 19, 2002, Mrs. Hall

subdivided the Property into seven separate sub-plots, Parcels

17-1 through 17-7. Mrs. Hall transferred ownership of certain of

the plots to her children and grandchildren as gifts.

---

[1] Mrs. Hall was born on June 6, 1916. She was 94 years old as of the date that
the Complaint was filed.

*Hall v. Hall*
Civil No. 2011-cv-54
Memorandum Opinion
Page 3

Specifically, she executed a Deed of Gift, granting to her son, Attorney Samuel H. Hall, Jr. ("Attorney Hall")[2], the real property described as:

> Parcel No. 17-5, Estate Peter Bay, No. 2aa Maho Bay Quarter, St. John, U.S. Virgin Islands consisting of 1.161 acre, more or less.

("Parcel 17-5"). She also made the following gifts:

> Parcel 17-2 to her daughter, Elsa Hall;
> Parcel 17-4 to her daughter, Phyllis Hall Brin; and
> Parcel 17-6 to her granddaughter, Yassin Hall Young.

("the Gifts"). Attorney Hall represented his mother in the aforementioned transactions, drawing up the legal documents to accomplish the gifts and recording the same.

From April 19, 2002, until approximately December 15, 2010, Mrs. Hall was the owner of the plot of land known as Parcel 17-7, Estate Peter Bay on St. John, U.S. Virgin Islands ("Parcel 17-7").

On January 24, 2003, Mrs. Hall, as landlord, entered into a Ground Lease (the "2003 Ground Lease") with Andrews St. John Trust ("Andrews"), as tenant. The lease was drafted by Attorney Hall. Pursuant to the 2003 Ground Lease, Mrs. Hall leased Parcel 17-7 to Andrews for a period of fifty years. The lease provided that Andrews was to design and build two cottages at Andrews's expense. One cottage was to be built on Parcel 17-6 (the "17-6

---

[2] At all relevant times, until sometime in 2010, Attorney Samuel H. Hall, Jr., Mrs. Hall's son, served as Mrs. Hall's attorney.

*Hall v. Hall*
Civil No. 2011-cv-54
Memorandum Opinion
Page 4

Cottage"). It would be owned by Yassin Hall Young. The other cottage was to be built on Parcel 17-4 (the "17-4 Cottage"). It would be owned by Phyllis Hall Brin.

The 2003 Ground Lease provided that, if the 17-6 Cottage was not completed within two years from the date of the lease, Andrews was to pay rent of $5,000 per month ($2,500 to Yassin Hall Young and $2,500 to Phyllis Hall Brin), until the date of completion. If the 17-4 Cottage was not completed within four years of the date of the lease, Andrews was to pay $2,500 per month to Phyllis Hall Brin until the date of completion. Additionally, if the two cottages were not completed in the requisite time, Mrs. Hall, Phyllis Hall Brin, and Yassin Hall Young retained the right to seek injunctive relief and to sue for specific performance. The lease also provided that the three of them would be granted a first priority lien on any improvements constructed on Parcel 17-7 by Andrews, and on any income derived by Andrews from the use and enjoyment of Parcel 17-7.

Also under the 2003 Ground Lease, Andrews was obligated to reimburse Mrs. Hall for all property taxes on Parcel 17-7, including all property taxes on any improvements thereon.

Construction of the cottages on Parcels 17-4 and 17-6 was not completed by the time allotted in the 2003 Ground Lease. As

such, Andrews became obligated to pay rent. Attorney Hall collected the rent for his mother under the 2003 Ground Lease. He also managed Andrews's reimbursement of property taxes to Mrs. Hall and Andrews's construction of the cottages.

At some point in time during the term of the 2003 Ground Lease, changes were made to the design of the 17-6 Cottage, substantially increasing its size.[3] Mrs. Hall was aware of the changes, but alleges that she never agreed to pay the increased costs that resulted therefrom.

On August 3, 2007, Attorney Hall drafted, and Mrs. Hall allegedly signed, a document which allowed Attorney Hall to halt or postpone construction on the 17-4 Cottage. The document allowed Attorney Hall to redirect the rental income from the 2003 Ground Lease to be used instead for the construction of a house on Parcel 17-5, owned by Attorney Hall. The document states that the consideration for allowing Attorney Hall to redirect the rental income from the 2003 Ground Lease to his own property was that Attorney Hall could "complete his home in order to expedite his assistance of [Mrs. Hall] in [her] future care on St. John." (Compl. ¶ 38.)

On the following day, August 4, 2007, Mrs. Hall allegedly signed a Power of Attorney in favor of Attorney Hall. The Power

---

[3] The person responsible for making such changes is not identified in the record.

*Hall v. Hall*
Civil No. 2011-cv-54
Memorandum Opinion
Page 6

of Attorney was not notarized. That same day, Attorney Hall drafted, and Mrs. Hall allegedly signed, a document purporting to be an Assignment of Interest. Pursuant to the document, Mrs. Hall signed all of her interest in the 2003 Ground Lease to Attorney Hall in consideration for his "assistance with her future care and upkeep." (Compl. ¶ 39.)

On August 13, 2008, Mrs. Hall allegedly signed another Power of Attorney in favor of Attorney Hall. The document was notarized by Attorney Hall's law partner, Marie Thomas-Griffith. Mrs. Hall has no recollection of executing or intending to execute either Power of Attorney.

Sometime thereafter, but prior to August, 2010, Mrs. Hall discharged Attorney Hall and his law firm as her counsel and she retained new counsel. In August of 2010, Mrs. Hall sent letters to Attorney Hall requesting that he provide her with a complete accounting of her financial obligations with regard to Parcel 17-7. She also requested that Attorney Hall provide her with information regarding the reimbursement of property taxes paid on Parcel 17-7. Attorney Hall did not respond to Mrs. Hall's requests for information.

Thereafter, Mrs. Hall became aware that, on or about October 28, 2009, Attorney Hall, purporting to act "individually and as attorney-in-fact for" Mrs. Hall, entered into an "Early

*Hall v. Hall*
Civil No. 2011-cv-54
Memorandum Opinion
Page 7

Termination of Lease, Mutual Release and Estoppel Certificate"
(the "Release"), with Andrews. The Release discharged Andrews of
any further obligation under the terms of the 2003 Ground Lease.
Mrs. Hall alleges that she was neither aware of, nor did she
otherwise consent to or approve of the transaction at the time
that Attorney Hall purportedly undertook it on her behalf.

Mrs. Hall also became aware that Attorney Hall, purporting
to act as her attorney-in-fact, entered into a lease agreement
dated December 2, 2008 (the "2008 Lease"), with the Talton
Family Trust ("Talton"). Under the 2008 Lease, Parcel 17-7 was
leased to Talton for a period of 75 years, with the rent payment
to be made in an $800,000 lump sum. The lump sum was payable to
Attorney Hall, as "agent and attorney in fact" for Mrs. Hall.
(Compl. ¶ 52.) The lease agreement obligated Talton to reimburse
Mrs. Hall for all property taxes on Parcel 17-7. Mrs. Hall
asserts that she was neither aware of, nor did she otherwise
consent to or approve of this transaction at the time that
Attorney Hall purportedly undertook it on her behalf.

On December 15, 2010, after discharging Attorney Hall and
his firm as counsel and retaining new counsel, Mrs. Hall created
the Ethlyn Louise Hall Family Trust ("the Trust"). Also on that
date, Mrs. Hall transferred all of her property to the Trust.
Mrs. Hall named herself the sole trustee of the Trust.

*Hall v. Hall*
Civil No. 2011-cv-54
Memorandum Opinion
Page 8

Subsequently, Mrs. Hall received a letter from Attorney Hall, dated February 1, 2011. The letter informed Mrs. Hall that the 2008 Lease generated a capital gain in 2010 totaling $1,070,000. The letter explained that the capital gain was subject to a capital gains tax of 15%. In the letter, Attorney Hall stated that Mrs. Hall must pay the capital gains tax in the full amount. He explained that "he, Phyllis Hall Brin and Yassin Hall Young all benefitted from these funds, through the building of their houses on Parcels 17-5, 17-4 and 17-6, respectively." (Compl. ¶ 60.) He further explained that he, along with Phyllis Hall Brin and Yassin Hall Young, would reimburse Mrs. Hall for her capital gains tax payment.

Thereafter, on May 9, 2011, Mrs. Hall, individually and as Trustee of the Ethlyn Louise Hall Family Trust (the "Trust") (collectively, "the plaintiffs"), filed a six-count complaint against Attorney Hall and his law firm, Hall and Griffith, P.C. (collectively, "the defendants"). Count One alleged a claim for breach of fiduciary duty against Attorney Hall. Count Two alleged a claim for legal malpractice against Attorney Hall and Hall & Griffith, P.C. Count Three alleged an action for fraud against Attorney Hall. Count Four asked the Court to order an accounting. Count Five asked the Court to establish a constructive trust for allegedly diverted proceeds and other

*Hall v. Hall*
Civil No. 2011-cv-54
Memorandum Opinion
Page 9

monies. Count Six requested that the Court impose an equitable

lien on Parcel 17-5. The Complaint asserted that Attorney Hall,

and Hall & Griffith, P.C., are citizens of the Virgin Islands.

(Compl. ¶ 6.) It asserted that Mrs. Hall is a citizen of

Florida. (Compl. ¶ 3.) The complaint did not assert the

citizenship of the Trust.

In order to determine whether there was diversity of

citizenship, on March 2, 2012, the Court ordered Mrs. Hall to

file a list of all of the trustees and beneficiaries of the

Trust and to identify their citizenship. The Court then ordered

Mrs. Hall to file the Trust's establishing documents (the

"Declaration of Trust") with the Court. Mrs. Hall filed the

Declaration of Trust with the Court for *in camera* review on

March 16, 2012.

Thereafter, on March 29, 2012, the Court issued an order in

which it found the requisite diversity of citizenship lacking.

The Court thus dismissed this matter for lack of subject matter

jurisdiction.

On the following day, Mrs. Hall filed a timely motion for

reconsideration of the Court's March 29, 2012, order dismissing

this matter. Attorney Hall and the defendant law firm opposed.

In a December 20, 2012, Memorandum Opinion and Order, the

Court granted the motion for reconsideration. The Court

*Hall v. Hall*
Civil No. 2011-cv-54
Memorandum Opinion
Page 10

determined that Mrs. Hall, in her individual capacity, is the real party in interest. As such, the Court looked only to Mrs. Hall's citizenship to determine whether the requisite diversity of citizenship existed. Because Mrs. Hall was a Florida citizen at the time the action commenced, and Attorney Hall and the defendant law firm were citizens of the Virgin Islands, the Court determined that it had subject matter jurisdiction on the basis of diversity of citizenship.

On January 8, 2013, the defendants filed the instant renewed motion to dismiss. In their motion, the defendants explain that Mrs. Hall died on May 5, 2012. Because of Mrs. Hall's death, the defendants assert that all of the claims in the complaint are extinguished. The defendants assert that none of the claims are assignable to the Trust. Further, to the extent the Court allows any claims asserted by the Trust to proceed, the defendants contend that such claims should be dismissed for lack of diversity jurisdiction. Finally, the defendants aver that the Trust lacks standing.

On January 21, 2013, the plaintiffs filed a motion to amend the complaint. In their motion to amend, the plaintiffs explained that the attached proposed amended complaint "substitutes Elsa Hall as the Personal Representative of the Estate of Ethlyn L. Hall for Ethlyn Louise Hall in her

*Hall v. Hall*
Civil No. 2011-cv-54
Memorandum Opinion
Page 11

individual capacity; this amendment reflects the death of Ethlyn Louise Hall on May 5, 2012." (ECF No. 33.) The plaintiffs further indicated that the amendment "substitutes Elsa Hall as the successor trustee of the Ethlyn Louise Hall Family Trust; this reflects the fact that upon Ethlyn Louis Hall's death, Elsa Hall automatically became the sole successor trustee of the Trust." (*Id.*)

The plaintiffs filed an opposition to the defendants' motion to dismiss on January 28, 2013.

The Magistrate Judge granted the plaintiffs' motion to amend on February 15, 2013. As such, the plaintiffs in this action are now Elsa Hall as the Personal Representative of the Estate of Ethlyn L. Hall and Elsa Hall as Trustee of the Ethlyn Louise Hall Family Trust (the "Plaintiffs").

The amended complaint contains ten counts. Counts One and Two allege breach of fiduciary duty against both defendants. Count Three alleges legal malpractice against both defendants. Counts Four and Five allege conversion against both defendants. Count Six alleges fraud against both defendants. Count Seven alleges unjust enrichment against both defendants. Count Eight seeks an accounting. Count Nine seeks a constructive trust. Count Ten seeks an equitable lien.

*Hall v. Hall*
Civil No. 2011-cv-54
Memorandum Opinion
Page 12

Subsequently, the defendants filed a nine-count counterclaim against Elsa Hall and third-party complaint against Phyllis Hall Brin. Count One alleges breach of fiduciary duty against Elsa Hall. Count Two alleges intentional infliction of emotional distress against Elsa Hall and Phyllis Hall Brin. Count Three alleges fraud against Elsa Hall. Count Four alleges civil conspiracy and tortious interference against Elsa Hall, Phyllis Hall Brin, and others (unnamed). Count Five alleges a claim for conversion against Elsa Hall. Count Six seeks a mandatory injunction against Elsa Hall. Count Seven requests an accounting from Elsa Hall and the Trust. Count Eight asserts a constructive trust. Count Nine asserts a claim for tortious interference against Elsa Hall.

## II. DISCUSSION

It is axiomatic that "federal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction. When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Resources Corp. v. Cambria Sav. and Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977). A federal court may address a question of subject-matter jurisdiction *sua sponte*. *See*

*Hall v. Hall*
Civil No. 2011-cv-54
Memorandum Opinion
Page 13

*Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905
F.2d 42, 45 (3d Cir. 1990).

"To invoke . . . diversity jurisdiction, a controversy must
be between citizens of different states, and the amount in
controversy must exceed $75,000.  *See* 28 U.S.C. § 1332(a)(1).
Whether diversity jurisdiction exists is determined by examining
'the facts as they existed when the complaint is filed.'"  *Dolin
v. Asian Am. Accessories, Inc.*, 449 Fed. App'x 216 (3d Cir.
2011)(quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S.
826, 830 (1989)).

### III. <u>ANALYSIS</u>

#### A. Survival of Claims

The defendants' primary argument for dismissal is that the
claims asserted in the amended complaint were extinguished by
the death of Elsa Hall. When a party to a lawsuit dies, the
threshold consideration is whether the claims asserted by or
against that party are extinguished. *Giles v. Campbell*, 698 F.3d
153, 155-56 (3d Cir. 2012). The claims alleged here are local in
nature. As such, the Court must look to local law for guidance
as to the survival of such claims. *Giles*, 698 F.3d at 156.

The Virgin Islands legislature has not enacted a statute
that speaks generally about the survival of tort actions. As
such, the Court must look to the common law, as expressed in the

*Hall v. Hall*
Civil No. 2011-cv-54
Memorandum Opinion
Page 14

principles of the Restatement, to provide the rules of decision.
V.I. Code Ann. tit. 1, § 4. With respect to the survival of tort
actions, the Restatement (Second) of Torts, in pertinent part,
provides

> (1) A cause of action for a tort may be discharged by
>
> > (a) the death of either party, in the absence of a
> > statute providing for survival of the cause of
> > action;
> >
> > (b) satisfaction, or a release or contract not to
> > sue; or
> >
> > (c) the discharge in bankruptcy of the tortfeasor.

Restatement (Second) of Torts § 900(1). Consistent with that
section, and to avoid termination of personal injury torts, the
Virgin Islands legislature carved out the exception found in
Virgin Islands Code Ann. tit. 5, § 77 ("Section 77").[4] While it
may seem as though Section 77 is the exclusive list of actions
that survive upon the death of a party, such a conclusion would
overstate the reach of Section 77. Rather, it seems more
appropriate to regard section 77 as a statute creating an

---

[4] "A thing in action arising out of a wrong which results in physical injury
to the person or out of a statute imposing liability for such injury shall
not abate by reason of the death of the wrongdoer or any other person liable
for damages for such injury, nor by reason of the death of the person injured
or of any other person who owns any such thing in action. When the person
entitled to maintain such an action dies before judgment, the damages
recoverable for such injury may include loss of earnings and expenses
sustained or incurred as a result of the injury may include damages for pain,
suffering and disfigurement, or punitive or exemplary damages, or prospective
profits or earnings after the date of death. The damages recovered shall form
part of the estate of the deceased. Nothing in this section shall be
construed as making such a thing assignable." V.I. Code Ann. tit. 5, § 77.

*Hall v. Hall*
Civil No. 2011-cv-54
Memorandum Opinion
Page 15

exception to the general rule that *personal* torts terminate at

death.

With respect to non-personal injury actions, the common law

has long recognized their survival, even in the absence of

statutes.

> As early as 1330, by statute an action could be
> maintained after the death of the owner for the taking
> of property that had diminished his estate. *Aside from
> statute, a person who has obtained property from
> another since deceased is liable for its value, as
> also is his estate after his death, if suit is brought
> in a restitutionary action.* In many states the early
> survival statute was accepted as part of the common
> law, and from the beginning the legislatures of the
> several states began to modify the common law by
> enacting statutes, so that today there are numerous
> statutes providing for survivorship after the death
> either of the tortfeasor or of the injured party for
> many kinds of tort claims involving both injury to
> things and injury to the person.

Restatement (Second) of Torts § 900 cmt a (emphasis supplied).

Indeed, this Court has explained that the "common law rule

that death terminated all causes of action for *personal tort* has

been statutorily altered in the Virgin Islands: a cause of

action for personal injury 'shall not abate by reason of ... the

death of the injured person.'" *Farrington v. Benjamin*, Civil No.

1981-187, 100 F.R.D. 474, 475 (D.V.I. 1984) (Christian, C.J.)

(emphasis added) (citing V.I. Code Ann. tit. 5, § 77).

Significantly, the common law rule that actions for restitution

*Hall v. Hall*
Civil No. 2011-cv-54
Memorandum Opinion
Page 16

survive the death of a party, *see* Restatement (Second) of Torts § 900 cmt a, was not vitiated by the creation of Section 77.

The Restatement (Third) of Restitution and Unjust Enrichment describes what is meant by the term "restitutionary action," explaining that "[a] person who is unjustly enriched at the expense of another is subject to liability in restitution." Restatement (Third) of Restitution and Unjust Enrichment, § 1 (2011). "Liability in restitution derives from the receipt of a benefit whose retention without payment would result in the unjust enrichment of the defendant at the expense of the claimant." *Id*. at cmt. a.

Indeed, while Section 77 is the only Code section that *explicitly* provides for the survival of certain types of actions, other Code sections acknowledge survival of actions for non-personal injury claims. Necessarily included among the universe of such actions would be restitutionary actions. For instance, Title 15 of the Virgin Islands Code provides that

> Subject to the provisions of sections 76 and 77 of Title 5, causes of action by one person against another, *whether arising on contract or otherwise*, survive to the personal representatives of the former and against the personal representatives of the latter. . . .

V.I. Code Ann. tit. 15, § 601 (2012) ("Section 601") (emphasis added). Title 15 further provides that

*Hall v. Hall*
Civil No. 2011-cv-54
Memorandum Opinion
Page 17

> The provisions of subchapter I of this chapter, excepting section 601 of this title, shall apply to actions of an equitable nature by and against executors and administrators, except as in this subchapter otherwise or specially provided. *All causes of action of an equitable nature by one person against another, however arising, survive to the personal representatives of the former and against the person* [sic] *representatives of the latter*. When the cause of action survives, as herein provided, *the executors or administrators may maintain an action of an equitable nature thereon against the party against whom the cause of action accrued*, or after his death against the personal representatives.

V.I. Code Ann. tit. 15, § 641 ("Section 641")(emphasis added).

Sections 601 and 641 fall squarely in line with the Restatement's explanation of the types of claims that survive a party's death at common law – most importantly here, claims for restitution. *See* Restatement (Second) of Torts § 900, cmt a; *see also* V.I. Code Ann. tit. 15, § 601 (acknowledging the survival of actions arising in "contract or otherwise); V.I. Code Ann. tit. 15, § 641 (acknowledging the survival of equitable actions).

Here, the plaintiffs assert such restitutionary claims as breach of fiduciary duty, legal malpractice, conversion, fraud, and unjust enrichment:

> 62. Plaintiff is also entitled to a judgment *ordering Defendants to turn over* to her all of Ethlyn Louis Hall's property, including her legal files, maintained by Defendants.

> . . . .

111. The circumstances of Defendant Hall's actions – self-dealing and acting in a manner that was in conflict with the interests of his client – are such that in equity and good conscience, Defendant Hall *should be required to return the funds he unjustly obtained* to either the Trust or Ethlyn Louise Hall's Estate.

.  .  .  .

118. By reason of the *fraudulent and otherwise wrongful manner in which Defendant Hall obtained and converted money* belonging to Ethlyn Louise Hall for his personal benefit he is an involuntary trustee of the property belonging to the Ethlyn Louise Hall and said property and all profits and improvements therefrom are *held in constructive trust* for Ethlyn Louise Hall, either individually or as trustee for the Trust, and Defendant Hall has a duty to *promptly convey same to her*.

119. By reason of the *fraudulent and otherwise wrongful manner* in which Defendant Hall obtained and converted money belonging to Ethlyn Louise Hall for his personal benefit in constructing his house on Parcel 17-5, Estate Peter Bay, Ethlyn Louise Hall, individually and as trustee for the Trust, is entitled to the *imposition of an equitable lien* on Parcel 17-5, Estate Peter Bay, St. John, for all sums invested in such property.

(Am. Compl. ¶¶ 62, 111, 118-119) (emphasis added); *see also* Restatement (Third) of Restitution and Unjust Enrichment, § 1 (explaining the nature of restitutionary claims). The remedies the plaintiffs seek include an accounting, imposition of a constructive trust, and an equitable lien. Such remedies are equitable in nature. *See generally In re Prosser*, BR 06-30009, 2011 WL 576068 (Bankr. D.V.I. Feb. 9, 2011) *aff'd* 2013 WL 996367 (D.V.I. Mar. 14, 2013) ("[A] plaintiff could seek restitution in

*Hall v. Hall*
Civil No. 2011-cv-54
Memorandum Opinion
Page 19

equity, ordinarily in the form of a constructive trust or an

equitable lien . . .") (internal citation omitted); *Gov't*

*Guarantee Fund of Republic of Finland v. Hyatt Corp.*, 5 F. Supp.

2d 324, 327 (D.V.I. 1998) ("an equitable accounting is a remedy

of restitution where a fiduciary defendant is forced to disgorge

gains received from the improper use of the plaintiff's property

or entitlements.") (internal citations omitted)). As explained

above, common law explicitly addresses and allows for the

survival of such restitutionary and equitable claims as are

asserted here. *See* Restatement (Second) of Torts § 900 cmt a;

Restatement (Third) of Restitution and Unjust Enrichment § 1. As

such, the defendants' motion to dismiss will be denied insofar

as it seeks dismissal due to abatement of claims.

**B. Subject Matter Jurisdiction: Diversity of Citizenship**

The defendants argue that the Court lacks subject matter

jurisdiction because complete diversity of citizenship is

lacking.

It is well established that, "[f]or purposes of federal

jurisdiction, the requirement of diversity of citizenship is

ordinarily determined by the situation existing at the time an

action is commenced. Once federal jurisdiction has attached, it

is not defeated by a subsequent change in citizenship of one of

the parties, nor by a formal substitution of a personal

representative of nondiverse citizenship for an original party

who dies while the cause is pending." *Brough v. Strathmann*

*Supply Co.*, 358 F.2d 374, 376 (3d Cir. 1966) (internal

quotations and citation omitted). Indeed, at all times, this

suit has been on behalf of Ethlyn Louise Hall, both when Ethlyn

Hall was suing on her own behalf and when her estate was

substituted as plaintiff. *See id*. (explaining that the suit had

been on behalf of the plaintiff both when he brought it himself

and when his representative was the plaintiff). Further, the

claims have substantially remained the same, arise under the

same set of facts, and accrued during Mrs. Hall's life. *See*

*generally Cowgill*, 780 F.2d at 331-32 (explaining that the

purpose of a survival action is to allow a decedent's

representative to assert claims, which accrued prior to the

decedent's death, that the decedent could have himself

asserted).

The Court, in its December 20, 2012, Memorandum Opinion,

determined that it had subject matter jurisdiction based on

diversity of citizenship as of the filing of the original

complaint. The nature of this action has remained the same and

diversity has not been disturbed. *See Brough*, 358 F.2d at 376

(concluding that, where the nature of the action against the

*Hall v. Hall*
Civil No. 2011-cv-54
Memorandum Opinion
Page 21

defendants remained the same after the plaintiff was

substituted, federal jurisdiction would remain).

The premises considered, the Court will deny the

defendants' motion to dismiss.[5] An appropriate order follows.


S_____
              **Curtis V. Gómez**
              **Chief Judge**

---

[5] The defendants also argue that, if the claims do not survive to Mrs. Hall's estate, then the complaint should be dismissed because the claims cannot be assigned to the Trust. Because the Court finds that the claims *do* survive and *can* be brought by Ethlyn Louise Hall's estate on her behalf, the Court need not reach the defendants' remaining arguments.