DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

SAMUEL H. HALL, JR.,            )
                               )
              Plaintiff,        )
                               )
              v.                )      Civil No. 2013-95
                               )
ELSA EMILY HALL,                )
                               )
              Defendant.        )
_____)

ATTORNEYS:

**Marie E. Thomas-Griffith, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff.*

**Samuel H. Hall, Jr., Esq.**
St. Thomas, U.S.V.I.
    *Pro se plaintiff.*

**Carl A. Beckstedt, III, Esq.**
St. Crois, U.S.V.I.
    *For the defendant.*

## ORDER

**GÓMEZ, J.**

Before the Court is the November 15, 2013 motion of
Defendant Elsa Emily Hall ("Elsa Hall") to dismiss the
complaint. She moves to dismiss pursuant to Federal Rules of
Civil Procedure 12(b)(1) and 12(b)(6).

On October 1, 2013, Samuel H. Hall, Jr. ("Samuel Hall")
filed a complaint against Elsa Hall. On November 15, 2013, Elsa
Hall filed a motion to dismiss Samuel Hall's complaint. On

*Hall v. Hall*
Civil No. 2013-95
Order
Page 2

December 4, 2013, the parties agreed that Samuel Hall would have

"an extension of time until December 16, 2013 in which to

respond to" Elsa Hall's motion. (ECF No. 6.) On December 16,

2013, Samuel Hall filed a response to the motion to dismiss and

an amended complaint.

Given this backdrop, before the Court can rule on the

pending motion to dismiss, as a threshold matter, the Court must

determine whether the original complaint or the amended

complaint is the operative complaint.

Federal Rule of Civil Procedure 15 governs the amendment of

complaints. That rule, in relevant part, states:

> (1) **Amending as a Matter of Course**. A party may
> amend its pleading once as a matter of course
> within:
>
> > (B) . . . 21 days after service of a
> > responsive pleading or 21 days after service
> > of a motion under Rule 12(b), (e), or (f),
> > whichever is earlier.
>
> (2) **Other Amendments**. In all other cases, a party
> may amend its pleading only with the opposing
> party's written consent or the court's leave. The
> court should freely give leave when justice so
> requires.

Fed. R. Civ. P. 15(a)(emphasis added) ("Rule 15(a)").

Furthermore, "[w]hen a party may or must act within a

specified time after service and service is made under [Federal

Rule of Civil Procedure] 5(b)(2)(C), (D), (E), or (F), 3 days

are added after the period would otherwise expire . . . ." Fed.

*Hall v. Hall*
Civil No. 2013-95
Order
Page 3

R. Civ. P. 6(d). "A paper is served under [Federal Rule of Civil Procedure 5(b)(2)(E)] by . . . sending it by electronic means if the person consented in writing . . . ." Fed. R. Civ. P. 5(b)(2)(E).

This Court utilizes an electronic filing service. The Court's Local Rules of Civil Procedure provide that "[r]egistration as a Filing User [in the Court's electronic filing service] constitutes consent to electronic service of all documents as provided in these Rules in accordance with the Federal Rules of Civil Procedure." LRCi 5.4(b). The "Notice of Electronic Filing that is automatically generated by the Court's Electronic Filing System . . . constitutes service of the filed document on Filing Users." LRCi 5.4(i)(1).

Samuel Hall filed his original complaint on October 1, 2013. Elsa Hall did not file a responsive pleading to Samuel Hall's original complaint. Instead, she filed a "motion under Rule 12(b)" on November 15, 2013. That motion was served on Samuel Hall through the Court's electronic filing service on the same day. Because Samuel Hall was served electronically, he was permitted to file an amended complaint as a matter of course with 24 days of receiving service of the motion—until December 9, 2013. *See* Rule 5(b)(2)(e), 6(d), 15(a)(1)(B). A week after that date, Samuel Hall filed his amended complaint.

*Hall v. Hall*
Civil No. 2013-95
Order
Page 4

Because Samuel Hall filed his amended complaint after he was no longer permitted to amend his complaint as a matter of course, he could only file an amended complaint with either the other party's written consent or the Court's leave. *See* Fed. R. Civ. P. 15(a)(2). There is no record evidence that the parties agreed to extend his time to file an amended complaint. Samuel Hall also did not obtain the Court's leave to file his amended complaint. Thus his amended complaint may only be treated as operative if this Court allows it.

Presented with similar cases, this Court has acknowledged that "some courts have held that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought, and when it does not appear that any of the parties will be prejudiced by allowing the change." *Cromwell v. Int'l Union*, CIV 2007-141, 2010 WL 5175038, at *1 (D.V.I. Dec. 6, 2010)(quoting *Straub v. Desa, Indus. Inc.,* 88 F.R.D. 6, 8 (M.D.Pa.1980); *see, e.g., U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 295-97 (5th Cir. 2003)(declining to deem the amended complaint properly introduced because allowing retroactive leave to amend the complaint would have prejudiced a party); *U.S., for Use & Benefit of Dorfman, v. Standard Sur. & Cas. Co. of New York*, 1 F.R.D. 239, 240 (S.D.N.Y. 1940)(deeming

*Hall v. Hall*
Civil No. 2013-95
Order
Page 5

the amended complaint properly introduced); *see also* 6 Charles
Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §
1484 (3d ed. 2014)). This practice is in accord with "the
overall liberal amendment policies of Rule 15(a)." *Cromwell*,
2010 WL 5175038, at *1 (quoting *Straub*, 88 F.R.D. at 8).

    The Court finds that Samuel Hall would have been granted
leave to file his amended complaint if he had requested it.
Additionally, Elsa Hall will not be substantially prejudiced. As
such, the Court will grant Samuel Hall leave *nunc pro tunc* to
December 16, 2013, to file the amended complaint and will treat
the amended complaint as the operative complaint.

    Where, as here, a defendant files a motion to dismiss and
the plaintiff subsequently "fil[es] . . . [an] amended
complaint[,] . . . [t]hat filing . . . render[s] moot [the]
defendant['s] motion[] to dismiss." *Merritt v. Fogel*, 349 F.
App'x 742, 745 (3d Cir. 2009).

    The premises having been considered, it is hereby

    **ORDERED** that Elsa Hall's motion to dismiss is **MOOT**.

S\_____
          **Curtis V. Gómez**
          **District Judge**