IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| ELSA HALL, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ETHLYN LOUISE HALL, AND AS SUCCESSOR TRUSTEE OF THE ETHLYN LOUISE HALL FAMILY TRUST,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>SAMUEL H. HALL, JR. AND HALL & GRIFFITH, P.C.,<br><br>　　　　　　　Defendants. | Civil No. 2011-54 |

## REPORT AND RECOMMENDATION

Before the Court is defendants Hall & Griffith, P.C.'s and Samuel H. Hall, Jr.'s Amended Motion for Costs. [ECF 456]. This matter (the "Trust Action") was tried with *Samuel H. Hall, Jr. v Elsa Hall,* Civil Number. 2013-95 (the "Samuel Hall Action") in January of 2015. The jury rendered a verdict in favor of Hall & Griffith, P.C. and Samuel H. Hall, Jr., in this action, and in favor of Samuel H. Hall, Jr in the Samuel Hall Action. The Court entered judgment in both cases on February 4, 2015. [ECF 420 in the Trust Action; ECF 281 in the Samuel Hall Action].

On March 30, 2016, the District Court entered an Order (the "March 30, 2016 Order") granting a new trial in the Samuel Hall Action. [ECF 452]. The March 30, 2016 Order also denied defendants' motion for attorney's fees and costs [ECF 424 in the Trust Action] with respect to the Trust Action,[1] Order [ECF 452] at 27, but provided that defendants could submit an amended bill of costs, if they wished to do so. *Id*.

In connection with attorney's fees in the Trust Action, the District Court determined that the fee request was untimely. The District Court further found that defendants had not provided any grounds for extending the time for filing a fee request. *Id*. at 25.

---

[1]　　Having granted the motion for a new trial of the Samuel Hall Action, the Court found as moot the motion for attorney's fees and costs for that case. March 30, 2016 Order at 27.

*Hall v. Hall & Griffith, P.C. et al.*
Civil No. 2011-54
Page 2

Although the District Court found the costs request timely, it nevertheless denied that request, finding "the costs demanded are not distributed between the Trust Action and the Samuel Hall Action, preventing the Court from determining" the propriety of the cost allocation. *Id*. at 26.[2] The District Court observed that while counsels' affidavits "are asserting that 70% of the fees and costs *combined* are attributable to the Trust Action, it is not clear that the affidavits are asserting that 70% of the costs alone are attributable to the Trust action." *Id*. (emphasis added). The Court concluded that "even if a conclusory affidavit were sufficient to establish the proper distribution of costs, the affidavits presented to the Court here are not sufficient." *Id*. The Court informed the parties that they could "reassert their request for costs in the Trust Action, providing more evidence on the proper allocation of costs between the Trust action and the Samuel Hall Action." *Id*. at 26-27.

On April 11, 2016, in accordance with the timing set forth in the March 30, 2016 Order, defendants filed their Amended Motion for Costs. Am. Mot. [ECF 456]. Elsa Hall, as Trustee, filed an opposition [ECF 458] and defendants replied. [ECF 459]. The District Court has referred this motion to the undersigned for a report and recommendation.

Elsa Hall points out that defendants have failed to correct the evidentiary omissions the District Court observed in the original motion regarding the proper allocation of costs. Opp'n at 2.[3] This Court agrees.

---

[2] The attorneys had submitted affidavits opining that 70% of the fees and costs should be allocated to the Trust Action, and the remainder to the Samuel Hall Action. *See* Mem. [ECF 425] and Affidavits of Robert L. King, Esq. [ECF 425-1] at ¶ 6, Samuel H. Hall, Jr., Esq. [ECF 425-2] at ¶ 5 and Marie E. Thomas-Griffith, Esq. [ECF 425-3] at ¶ 6.

[3] Elsa Hall also argues that the vast majority of the claimed costs are not otherwise recoverable under the applicable law. Opp'n at 3-6.

*Hall v. Hall & Griffith, P.C. et al.*
Civil No. 2011-54
Page 3

      Upon review of the Amended Motion, the Court finds defendants still have failed to provide any competent evidence to support their allocation of costs between this matter and the Samuel Hall Action. Defendants merely attach a list of the costs (1) "related solely to the Trust Action," and (2) for which there is an "assessment of costs at seventy percent (70%) against the Trust" to the bare-bones Amended Motion, and provide no verification for the information. Am. Mot. at 2; *see* Exhibit A to Am. Mot. [ECF 456-1]. Even after Elsa Hall called their attention to this deficiency, defendants on reply simply attached copies of checks from their checking account, many of which contain scant information regarding what defendants were paying for, along with a few redacted Lexis statements and one deposition invoice. *See* Reply [ECF 459], Exhibit A [ECF 459-1]. Again, defendants did not verify in any way, by affidavit or otherwise, why the costs were incurred, and the propriety of the 70%-30% allocation. Having been given an opportunity to refile their cost requests with specific instructions regarding what was required, and having failed to offer the necessary evidence, defendants' motion should be denied.

      The premises considered, it is hereby RECOMMENDED that the amended motion for costs [DE 456] be DENIED.

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated:** March 24, 2017            S\_____
                                                     **RUTH MILLER**
                                                     United States Magistrate Judge