```
              DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

ELSA HALL as PERSONAL              )
REPRESENTATIVE of the ESTATE OF    )
ETHLYN LOUIS HALL, and ELSA Hall   )
as TRUSTEE of the ETHLYN LOUISE    )
HALL FAMILY TRUST,                 )    Civil No. 2011-54
                                   )
              Plaintiff,           )
                                   )
              v.                   )
                                   )
SAMUEL H. HALL, Jr. and HALL &     )
GRIFFITH, P.C.,                    )
                                   )
              Defendants.          )
                                   )
                                   )
SAMUEL H. HALL, Jr.,               )
                                   )
              Plaintiff,           )    Civil No. 2013-95
                                   )
              v.                   )
                                   )
ELSA HALL,                         )
                                   )
              Defendant.           )
                                   )
```

**ATTORNEYS:**

**Andrew C. Simpson, Esq.**
**Emily A. Shoup, Esq.**
Law Offices of Andrew Simpson
St. Croix, U.S.V.I.
    *For Elsa Emily Hall in her representative capacity and as*
    *trustee.*

**Carl A. Beckstedt, III, Esq.**
Beckstedt and Associate
St. Thomas, U.S.V.I.
    *For Elsa Emily Hall in her personal capacity.*

**Robert L. King, Esq.**
Law Offices of Robert L. King
St. Thomas, U.S.V.I.

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 2

    *For Samuel Hall and Hall and Griffith, PC.*

**Marie E. Thomas-Griffith, Esq.**
Hall & Griffith, P.C., PC.
St. Thomas, U.S.V.I.
    *For Samuel Hall and Hall and Griffith, PC.*

## ORDER

**GÓMEZ, J.**

    Before the Court is the Report and Recommendation of the Magistrate Judge recommending that the Court deny the amended motion of Samuel Hall and Hall & Griffith, P.C., for costs.

    On May 9, 2011, Ethlyn Hall, individually and as Trustee of the Ethlyn Louise Hall Family Trust (the "Trust"), filed a complaint against Samuel Hall and his law firm, Hall and Griffith, P.C., in Civil No. 11-54 (the "Trust Action"). The complaint raised claims for breach of fiduciary duty and fraud. Ethlyn Hall passed away after the Trust Action commenced. One of her daughters, Elsa Hall, continued the action as the personal representative of the estate.

    Samuel Hall then filed a nine-count counter-claim against the Trustee in the Trust Action. He also filed a nine-count complaint against Elsa Hall in her personal capacity ("Elsa Hall") in Civil No. 2013-95 (the "Samuel Hall Action").

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 3

On February 14, 2014, the Trust Action and the Samuel Hall Action were consolidated. Prior to trial, the Court dismissed Samuel Hall's counterclaims in the Trust Action.

In January, 2015, the Trust Action and the Samuel Hall Action were tried before a jury. The jury rendered a verdict in favor of Samuel Hall and Hall & Griffith, P.C., in the Trust Action. The Court entered judgment in the Trust Action on February 4, 2017, and dismissed the Trust Action on the merits.

On March 4, 2015, Samuel Hall and Hall & Griffith, P.C., moved for attorney's fees and costs. On March 30, 2016, the Court entered an order on that motion.

With respect to attorney's fees, the Court denied the motion as untimely because more than 28 days had passed between the entry of judgment and filing of the motion. The Court held that the motion for costs was timely. However, "the costs demanded [were] not distributed between the Trust Action and the Samuel Hall Action." Civ. No. 2011-54, ECF No. 452 at 26. As such, the Court was unable to "determin[e] whether the costs are better attributed to the Trust Action or the Samuel Hall Action." *Id.* Accordingly, the Court denied the motion for costs. The Court granted Samuel Hall and Hall & Griffith, P.C., leave

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 4

to file an amended bill of costs in the Trust Action no later than April 11, 2016.

On April 11, 2016, Samuel Hall and Hall & Griffith filed an amended motion for costs. The motion asserted that Samuel Hall and Hall & Griffith, P.C., were entitled to an award of $27,844.25 in costs in the Trust Action. In support of the motion, Samuel Hall and Hall and Griffith, P.C., attached a list of charges that the motion asserted were either (1) costs "solely related to the Trust Action"; or (2) a 70% assessment of costs related to both actions. *See* Civ. No. 2011-54, ECF No. 456 at 2.

The Court referred the amended motion for costs to the Magistrate Judge. On March 24, 2017, the Magistrate issued a Report and Recommendation.

The Magistrate Judge found that Samuel Hall and Hall & Griffith, P.C., "failed to provide any competent evidence to support their allocation of costs between [the Trust Action] and the Samuel Hall Action." Civ. No. 2011-54, ECF No. 461 at 3. Further, Elsa Hall's opposition to the amended motion of costs pointed out this deficiency. In reply, Samuel Hall and Hall & Griffiths, P.C., provided only "copies of checks from their checking account, many of which contain scant information

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 5

regarding what [Samuel Hall and Hall & Griffiths, P.C.,] were paying for, along with a few redacted Lexis statements and one deposition invoice." *Id.* Samuel Hall and Hall & Griffiths, P.C., provided nothing further to demonstrate "why the costs were incurred" or "the propriety of the 70%-30% allocation." *Id.* Accordingly, the Magistrate recommended denying the amended motion for costs.

Upon de novo review of the record, the Court agrees with the Magistrate's Report and Recommendation.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge is **ADOPTED** in part and **MODIFIED** in part; it is further

**ORDERED** that amended motion for costs is **DENIED** without prejudice; and it is further

**ORDERED** that by no later than 3:00 PM on Monday, April 10, 2017, Samuel Hall and Hall & Griffith, P.C., shall, to the extent they wish to do so, submit an amended bill of costs in the Trust Action.

S\_____
 **Curtis V. Gómez**
 **District Judge**