DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| ELSA HALL as PERSONAL REPRESENTATIVE of the ESTATE OF ETHLYN LOUIS HALL, and ELSA Hall as TRUSTEE of the ETHLYN LOUISE HALL FAMILY TRUST, | ) ) ) ) ) | |
| | ) | Civil No. 2011-54 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SAMUEL H. HALL, Jr. and HALL & GRIFFITH, P.C., | ) ) ) | |
| Defendants. | ) ) | |
| ———————————————— | ) | |
| SAMUEL H. HALL, Jr., | ) ) | |
| Plaintiff, | ) | Civil No. 2013-95 |
| v. | ) ) ) | |
| ELSA HALL, | ) ) | |
| Defendant. | ) ) | |
| ———————————————— | ) | |

ATTORNEYS:

**Andrew C. Simpson, Esq.**
**Emily A. Shoup, Esq.**
Law Offices of Andrew Simpson
St. Croix, U.S.V.I.
      *For Elsa Emily Hall in her representative capacity and as*
      *trustee.*

**Carl A. Beckstedt, III, Esq.**
Beckstedt and Associate
St. Thomas, U.S.V.I.
      *For Elsa Emily Hall in her personal capacity.*

**Robert L. King, Esq.**
Law Offices of Robert L. King
St. Thomas, U.S.V.I.

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 2

*For Samuel Hall and Hall and Griffith, PC.*

**Marie E. Thomas-Griffith, Esq.**
Hall & Griffith, P.C., PC.
St. Thomas, U.S.V.I.
        *For Samuel Hall and Hall and Griffith, PC.*

## ORDER

**GÓMEZ, J.**

Before the Court is Samuel H. Hall, Jr., and Hall & Griffith P.C.'s motion for reconsideration of the Court's March 30, 2016, order granting Elsa Hall's motion for a new trial in Civil No. 2013-95.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

At all material times, until approximately April 19, 2002, Ethlyn Louise Hall ("Ethlyn Hall")[1] was the owner of the plot of land known as Parcel 17, Estate Peter Bay, St. John, U.S. Virgin Islands ("the Property"). On or about April 19, 2002, Ethlyn Hall subdivided the Property into separate sub-plots. Ethlyn Hall transferred ownership of certain of the plots to her children and grandchildren as gifts. Specifically, she executed

---

[1] Ethlyn Hall was born on June 6, 1916. She was 94 years old as of the date that the Complaint was filed.

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 3

a Deed of Gift, granting to her son, Attorney Samuel H. Hall,

Jr. ("Samuel Hall")[2], the real property described as:

> Parcel No. 17-5, Estate Peter Bay, No. 2aa Maho Bay
> Quarter, St. John, U.S. Virgin Islands consisting of
> 1.161 acre, more or less.

("Parcel 17-5"). She also made the following gifts:

> Parcel 17-2 to her daughter, Elsa Hall;
> Parcel 17-4 to her daughter, Phyllis Hall Brin; and
> Parcel 17-6 to her granddaughter, Yassin Hall Young.

("the Gifts"). Samuel Hall represented his mother in the

aforementioned transactions, drawing up the legal documents to

accomplish the gifts and recording the same.

From April 19, 2002, until approximately December 15, 2010,

Ethlyn Hall was the owner of the plot of land known as Parcel

17-7, Estate Peter Bay on St. John, U.S. Virgin Islands ("Parcel

17-7").

On January 24, 2003, Ethlyn Hall, as landlord, entered into

a Ground Lease (the "2003 Ground Lease") with Andrews St. John

Trust ("Andrews"), as tenant. The lease was drafted by Samuel

Hall. Pursuant to the 2003 Ground Lease, Ethlyn Hall leased

Parcel 17-7 to Andrews for a period of fifty years. The lease

provided that Andrews was to design and build two cottages at

---

[2] At all relevant times, until sometime in 2010, Samuel Hall served as Ethlyn
Hall's attorney.

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 4

Andrews's expense. One cottage was to be built on Parcel 17-6 (the "17-6 Cottage"). It would be owned by Yassin Hall Young. The other cottage was to be built on Parcel 17-4 (the "17-4 Cottage"). It would be owned by Phyllis Hall Brin.

The 2003 Ground Lease provided that, if the 17-6 Cottage was not completed within two years from the date of the lease, Andrews was to pay rent of $5,000 per month ($2,500 to Yassin Hall Young and $2,500 to Phyllis Hall Brin), until the date of completion. If the 17-4 Cottage was not completed within four years of the date of the lease, Andrews was to pay $2,500 per month to Phyllis Hall Brin until the date of completion. Additionally, if the two cottages were not completed in the requisite time, Ethlyn Hall, Phyllis Hall Brin, and Yassin Hall Young retained the right to seek injunctive relief and to sue for specific performance. The lease also provided that the three of them would be granted a first priority lien on any improvements constructed on Parcel 17-7 by Andrews, and on any income derived by Andrews from the use and enjoyment of Parcel 17-7.

Also under the 2003 Ground Lease, Andrews was obligated to reimburse Ethlyn Hall for all property taxes on Parcel 17-7, including all property taxes on any improvements thereon.

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 5

Construction of the cottages on Parcels 17-4 and 17-6 was not completed by the time allotted in the 2003 Ground Lease. As such, Andrews became obligated to pay rent. Samuel Hall collected the rent for his mother under the 2003 Ground Lease. He also managed Andrews's reimbursement of property taxes to Ethlyn Hall and Andrews's construction of the cottages.

At some point in time during the term of the 2003 Ground Lease, changes were made to the design of the 17-6 Cottage, substantially increasing its size. Ethlyn Hall was aware of the changes.

On August 3, 2007, Samuel Hall drafted, and Ethlyn Hall allegedly signed, a document which allowed Samuel Hall to halt or postpone construction on the 17-4 Cottage. The document allowed Samuel Hall to redirect the 2003 Ground Lease rental income from being used for the construction of the cottage on Parcel 17-4 to being used for the construction of a house on Parcel 17-5, owned by Samuel Hall.

On the following day, August 4, 2007, Ethlyn Hall allegedly signed a Power of Attorney in favor of Samuel Hall. The Power of Attorney was not notarized. That same day, Samuel Hall drafted, and Ethlyn Hall allegedly signed, a document purporting to be an Assignment of Interest. Pursuant to the document, Ethlyn Hall

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 6

assigned all of her interest in the 2003 Ground Lease to Samuel

Hall in consideration for his assistance with her future care

and upkeep.

On August 13, 2008, Ethlyn Hall signed another Power of

Attorney in favor of Samuel Hall. The document was notarized by

Samuel Hall's law partner, Marie Thomas-Griffith.

In August of 2010, Ethlyn Hall sent letters to Samuel Hall

requesting that he provide her with a complete accounting of her

financial obligations with regard to Parcel 17-7. She also

requested that Samuel Hall provide her with information

regarding the reimbursement of property taxes paid on Parcel

17-7. Samuel Hall did not respond to Ethlyn Hall's requests for

information.

Thereafter, Ethlyn Hall allegedly became aware that, on or

about October 28, 2009, Samuel Hall, purporting to act

"individually and as attorney-in-fact for" Ethlyn Hall, entered

into an "Early Termination of Lease, Mutual Release and Estoppel

Certificate" (the "Release"), with Andrews. The Release

discharged Andrews of any further obligation under the terms of

the 2003 Ground Lease. Ethlyn Hall alleged that she was neither

aware of, nor did she otherwise consent to or approve of the

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 7

transaction at the time that Samuel Hall purportedly undertook it on her behalf.

Ethlyn Hall also allegedly became aware that Samuel Hall, purporting to act as her attorney-in-fact, entered into a lease agreement dated December 2, 2008 (the "2008 Lease"), with the Talton Family Trust ("Talton"). Under the 2008 Lease, Parcel 17-7 was leased to Talton for a period of 75 years, with the rent payment to be made in an $800,000 lump sum. The lump sum was payable to Samuel Hall, as "agent and attorney in fact" for Ethlyn Hall. The lease agreement obligated Talton to reimburse Ethlyn Hall for all property taxes on Parcel 17-7.

On or before December 15, 2010, Ethlyn Hall discharged Samuel Hall and his firm as counsel. Thereafter, she retained new counsel and created the Ethlyn Louise Hall Family Trust ("the Trust"). On December 15, 2010, Ethlyn Hall transferred all of her property to the Trust. Ethlyn Hall named herself the sole trustee of the Trust.

Subsequently, Ethlyn Hall received a letter from Samuel Hall, dated February 1, 2011. The letter informed Ethlyn Hall that the 2008 Lease generated a capital gain in 2010 totaling $1,070,000. The letter explained that the capital gain was subject to a capital gains tax of 15%. In the letter, Samuel

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 8

Hall stated that Ethlyn Hall must pay the capital gains tax in the full amount. He further explained that he, along with Phyllis Hall Brin and Yassin Hall Young, would reimburse Ethlyn Hall for her capital gains tax payment.

Thereafter, on May 9, 2011, Ethlyn Hall, individually and as Trustee of the Ethlyn Louise Hall Family Trust (the "Trust"), filed a six-count complaint against Samuel Hall and his law firm, Hall and Griffith, P.C., in Civil No. 2011-54 (the "Trust Action"). Count One alleged a claim for breach of fiduciary duty against Samuel Hall. Count Two alleged a claim for legal malpractice against Samuel Hall and Hall & Griffith, P.C. Count Three alleged an action for fraud against Samuel Hall. Count Four asked the Court to order an accounting. Count Five asked the Court to establish a constructive trust for allegedly diverted proceeds and other monies. Count Six requested that the Court impose an equitable lien on Parcel 17-5.

While the Trust Action was pending, Ethlyn Hall passed away. Elsa Hall, as successor trustee to the Trust and as personal representative of Ethlyn Hall's estate (the "Trustee"), amended the complaint. The amended complaint contains ten counts. Count One alleges a breach of fiduciary duty claim against Samuel Hall and Hall & Griffith, P.C., arising out of

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 9

the attorney-client relationship. Count Two alleges a breach of fiduciary duty claim against Samuel Hall arising out of a power of attorney. Count Three alleges a legal malpractice claim against Samuel Hall and Hall & Griffith, P.C. Counts Four and Five allege conversion claims against Samuel Hall and Hall & Griffith, P.C. Count Six alleges fraud against Samuel Hall. Count Seven alleges an unjust enrichment claim against Samuel Hall. Count Eight seeks an accounting. Count Nine seeks a constructive trust. Count Ten seeks an equitable lien.

Samuel Hall then filed a nine-count counterclaim against the Trustee in the Trust Action. He also filed a nine-count complaint against Elsa Hall in her personal capacity ("Elsa Hall") in Civil No. 2013-95 (the "Samuel Hall Action"). Count One alleges a breach of fiduciary duty claim against Elsa Hall. Count Two alleges an intentional infliction of emotional distress claim against Elsa Hall. Count Three alleges a fraud claim against Elsa Hall. Count Four alleges civil conspiracy and tortious interference claims against Elsa Hall, and others. Count Five alleges a conversion claim against Elsa Hall. Count Six seeks a mandatory injunction against Elsa Hall. Count Seven requests an accounting from Elsa Hall and the Trust. Count Eight

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 10

asserts a constructive trust. Count Nine asserts a claim for

tortious interference against Elsa Hall.

The Trust Action and the Samuel Hall Action were

consolidated. Prior to trial, the Court dismissed the

counterclaims in the Trust Action. The Court also dismissed all

counts other than Counts Two, Four, and Nine in the Samuel Hall

Action.

The Samuel Hall Action and the Trust Action proceeded to

trial on January 12, 2015. At trial, the Court dismissed Counts

Four and Nine of the Samuel Hall Action. As such, the only claim

asserted by Samuel Hall that reached the jury was Count Two of

the complaint in the Samuel Hall Action.

The jury rendered a verdict in favor of Samuel Hall and

Hall & Griffith, P.C., in the Trust Action. The jury also found

in Samuel Hall's favor on Count Two in the Samuel Hall Action--

the claim for intentional infliction of emotional distress--and

awarded him $500,000 in compensatory damages and $1,500,000 in

punitive damages.

Thereafter, Elsa Hall filed a motion for judgment as a

matter of law directed at the intentional infliction of

emotional distress claim and a motion for new trial directed at

the intentional infliction of emotional distress claim. In her

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 11

motion for judgment as a matter of law, Elsa Hall argued that

she was entitled to judgment because tortious interference with

the parent-child relationship is not actionable under Virgin

Islands law. In her motion for a new trial, Elsa Hall argued

that she was entitled to a new trial because the Court erred in

making several evidentiary rulings.

On March 30, 2016, the Court (1) denied Elsa Hall's motion

for judgment as a matter of law; and (2) granted her motion for

a new trial.

In its March 30, 2016, order, the Court first observed

that,

> when protection of an identified emotional interest
> is removed from tort liability, claims for
> infliction of emotional harm under this Chapter are
> unavailable for conduct that would have infringed
> that interest. For example, the torts of criminal
> conversation and alienation of affection protected
> a spouse's specific interest in his or her partner's
> remaining monogamous and a more general interest in
> family harmony. In jurisdictions that have abolished
> those torts, an actor is not subject to liability
> under this Chapter for conduct that would have
> subjected the actor to liability under those torts.
> However, if the actor's conduct goes beyond that
> comprising the abolished tort, the actor may be
> subject to liability.

Civil No. 2013-95, ECF No. 315 at 12 (quoting Restatement

(Third) of Torts: Phys. & Emot. Harm § 47 cmt. o (2012)).

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 12

The Court held that the Virgin Islands Supreme Court would not recognize a tort for alienation of a parent's affection where one "entice[s]" a parent to leave their child. *Id.* at 16., 20. Accordingly, conduct that would constitute that tort was not actionable as a claim for intentional infliction of emotional harm. *Id.* The Court also held that the Virgin Islands Supreme Court would recognize a tort where one "abducts" or "by similar intentional action compels a [parent] to be asunder from [their child]." Id. (quoting Restatement (Second) of Torts § 684(1) (1977)). Accordingly, such conduct was actionable as a claim for intentional infliction of emotional harm. *Id.* at 20. Thus, the Court held that "the intentional infliction of emotional distress claim is partially barred." *Id.* at 22.

After reviewing the evidence presented during trial, the Court found it "clear that the jury could have reached its verdict relying on the barred conduct, the unbarred conduct, or both." *Id.* at 22 n.5. Moreover, "neither the Court's instructions nor the verdict allow[ed] the Court to determine whether the jury's verdict was reached on unbarred conduct." *Id.* at 22. Accordingly, in a March 30, 2016, order, the Court granted Elsa Hall's motion for a new trial. *Id.*

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 13

Samuel Hall now asks the Court to reconsider its March 30, 2016, order.

## II.   DISCUSSION

Local Rule of Civil Procedure 7.3 permits motions for reconsideration only when there is (1) an intervening change in controlling law; (2) new evidence available; or (3) a need to correct clear error or prevent manifest injustice. LRCi 7.3; *see also Max's Seafood Café by Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)).  A motion for reconsideration "shall be filed within fourteen (14) days after entry of the order or decision unless the time is extended by the Court." LRCi 7.3.

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).  "Such motions are not substitutes for appeals, and are not to be used 'as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Cabrita Point Dev., Inc. v.*

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 14

*Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)).

In the context of a motion to reconsider, "manifest injustice 'generally means that the Court overlooked some dispositive factual or legal matter that was presented to it.'" *Id.* (quoting *In re Rose*, No. 06-1818(JLP), 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). Manifest injustice has also been defined as "'an error in the trial court that is direct, obvious, and observable.'" *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.2d 342, 348 (6th Cir. 2004) (quoting Black's Law Dictionary 974 (7th ed. 1999)). "[M]ost cases . . . use the term 'manifest injustice' to describe the result of plain error." *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).

## III. <u>ANALYSIS</u>

In his motion for reconsideration, Samuel Hall argues that the Court committed clear error in ordering a new trial in this matter. His arguments can be grouped into three categories. First, Samuel Hall argues that the Court erred in ordering a new trial based on an argument that Elsa Hall did not raise in her motion for a new trial. Second, Samuel Hall argues that the Court erred in its interpretation of the intentional infliction

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 15

of emotional distress tort. Third, Samuel Hall argues that the Court erred when it found that there was sufficient evidence for the jury have to reached its verdict relying on the barred conduct. The Court will address these arguments in turn.

### A. The Grant of a New Trial Based on Arguments not Made in Elsa Hall's Motion for a New Trial

Samuel Hall first argues that "[t]he issue of a partial bar was never pled, briefed or argued by [Elsa Hall] prior to trial, and was never raised by [Elsa Hall] in her post-trial motions for relief." Civil No. 2013-95, ECF No. 317 at 7. Instead, Samuel Hall asserts, "[t]he partial tort bar was raised *sua sponte* by the Court." *Id.* at 8. As such, Samuel Hall claims he was entitled to notice that the Court was considering a partial bar and an opportunity to be heard on that issue.

Judgment as a matter of law pursuant to Rule 50 should be granted "only if, viewing the evidence in the light most favorable to the nonmovant and giving [the nonmovant] the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Lightening Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993). "'The question is not whether there is literally no evidence supporting the unsuccessful party, but whether there is evidence upon which a reasonable jury could

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 16

properly have found its verdict.'" *Johnson v. Campbell*, 332 F.3d 199, 204 (3d Cir. 2003) (quoting *Gomez v. Allegheny Health Servs. Inc.*, 71 F.3d 1079, 1083 (3d Cir. 1995)).

When a party files a renewed motion for judgment as a matter of law, the party "may include an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b). When ruling on the motion, "the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." Fed. R. Civ. P. 50(b); *see also Amer. Bearing Co. v. Litton Indust., Inc.*, 729 F.2d 943, 948 (3d Cir. 1984) (explaining that, where a party "made an alternative motion for a new trial . . . , the motion is tested by the same by the same standards that would apply if the motion were independently made under rule 59" (internal quotation marks omitted)). In the absence of an alternative or joint motion for a new trial, however, a district court may only order a new trial if the moving party is otherwise entitled to judgment as a matter of law. *See Goldsmith v. Diamond Shamrock Corp.*, 767 F.2d 411, 414 (8th Cir. 1985) (explaining that Rule 50 "gives a court discretion to order a new trial absent a motion therefor only where the moving party

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 17

otherwise would have been entitled to judgment notwithstanding

the verdict").

Federal Rule of Civil Procedure 59 ("Rule 59") provides

that, on motion, a new trial may be granted on some or all of

the issues that were tried to the jury. *See* Fed. R. Civ. P.

59(a)(1). A court must grant a motion for a new trial when there

are nonconstitutional errors in a civil suit unless "it is

highly probable that the errors did not affect the outcome of

the case." *See McQueeney v. Wilmington Trust Co.*, 779 F.2d 916,

917 (3d Cir. 1985).

Rule 59(d) provides that,

> [n]o later than 28 days after the entry of judgment,
> the court, on its own, may order a new trial for any
> reason that would justify granting one on a party's
> motion. After giving the parties notice and an
> opportunity to be heard, the court may grant a timely
> motion for a new trial for a reason not stated in
> the motion. In either event, the court must specify
> the reasons in its order.

Fed. R. Civ. P. 59(d). The 28-day limit applies only where a

district court *sua sponte* orders a new trial in the absence of a

motion. *See Lesende v. Borrero*, 752 F.3d 324, 334 (3d Cir. 2014)

(discussing distinction between "first and second sentence of

Rule 59(d)" and explaining that 28-day limitation applies only

where the court *sua sponte* orders a new trial, not where the

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 18

court grants a motion for a new trial for reasons not stated in a timely motion).

Federal Rule of Civil Procedure 7 ("Rule 7") provides the standard for determining whether a party stated a particular reason in their motion for a new trial. *See Harkins v. Ford Motor Co.*, 437 F.2d 276, 277 (3d Cir. 1970) (explaining that Rule 7(b) is "the relevant rule" for determining "[t]he degree of specificity with which reasons for a new trial must be stated"). Rule 7 provides that motions must "state with particularity the grounds for seeking [an] order" and "state the relief sought." Fed. R. Civ. P. 7(b)(1)(B)-(C). "Rule 7(b)(1) does not require ritualistic detail." *Kelly v. Moore*, 376 F.3d 481, 484 (5th Cir. 2004) (internal quotation marks omitted). Rather, as the Third Circuit has explained, the grounds for a new trial need only "be stated with sufficient specificity to put the opposing party on notice as to the reasons put forward for granting a new trial." *Harkins*, 437 F.2d at 277. If the moving party does not state a reason with sufficient specificity to put the opposing party on notice, a district court may nevertheless grant the motions on that ground. *See* Fed. R. Civ. P. 59(d). In that case, however, the district court itself must

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 19

put the opposing party on notice and afford an opportunity to be heard. *Id.*

The purpose of Rule 7(b) "is to afford notice of the grounds and prayer of the motion to both the court and to the opposing party, providing that party with a meaningful opportunity to respond and the court with enough information to process the motion correctly." *Strain v. Payette Sch. Dist. No. 371J*, 134 F.3d 379 (9th Cir. 1998) (internal quotation marks omitted). "The particularity requirement should not be applied in an overly technical fashion when the purpose behind the rule is not jeopardized." *Andreas v. Volkswagen of Am., Inc.*, 336 F.3d 789, 793 (8th Cir. 2003). For this reason, "[c]ourts routinely take into consideration other closely filed pleadings to determine whether sufficient notice of the grounds for the motion are given and the opposing party has a fair opportunity to respond." *Id.* at 793-94 (internal quotation marks omitted).

The circumstances presented in this case are somewhat unique. Elsa Hall filed separate motions for judgment as a matter of law and for a new trial, each raising distinct arguments. The Court denied Elsa Hall's motion for judgment as a matter of law and granted her motion for a new trial. Significantly, the Court granted the motion for a new trial on

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 20

grounds that were explicitly stated in Elsa Hall's motion for judgment as a matter of law but not in her motion for a new trial.

The Court is satisfied that Elsa Hall's joint motions satisfied the purposes of Rule 7(b) and afforded Samuel Hall an opportunity to respond to that argument. Indeed, the arguments Samuel Hall raises in his motion for reconsideration largely mirror those he made in opposition to Elsa Hall's motion for judgment as a matter of law. *Compare* Civil No. 2013-95, ECF No. 296 at 6 ("[F]ederal courts have long recognized that the tort of intentional infliction of emotional distress is distinct from the tort of alienation of affection, and is within their diversity jurisdiction to decide."), *and id.* at 4 ("Plaintiff's claim for the intentional infliction of emotional distress was caused, not by alienation of affection, but by the Defendant's intentional and malicious desire to cause Plaintiff severe emotional distress and reputational harm in order to defeat any attempt by him to prevent her exploitation of her mother's income and assets."), *with* Civil No. 2013-95, ECF No. 317 at 12 ("Federal courts have long recognized that tort suits for interference with custody are distinct from the tort of alienation of affection and is within their diversity

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 21

jurisdiction to decide."), *and id.* at 12 ("Plaintiff's IIED was caused, not by alienation of affection, but by the Defendant's intentional and malicious desire to cause Plaintiff severe emotional distress and reputational harm in order to defeat any attempt by him to prevent her exploitation of their mother and her income and assets."). Even if the Court's grant of a new trial is characterized as the "grant [of] a timely motion for a new trial for a reason not stated in the motion," Fed. R. Civ. P. 59(d), Samuel Hall had sufficient notice and opportunity to be heard on that reason through Elsa Hall's motion for judgment as a matter of law.

Accordingly, the Court finds no clear error or manifest injustice.

## B. The Court's Holding that Claims for Intentional Infliction of Emotional Distress are Partially Barred

The Court next addresses Samuel Hall's argument that the Court erred in holding that intentional infliction of emotional distress was partially barred in the Virgin Islands. Primarily, Samuel Hall argues that "the Court inadvertently grafted onto the prima facie elements of the tort an additional element of a partial bar." *See* Civil No. 2013-95, ECF No. 317 at 11.

This argument misstates the Court's holding. As discussed above, when a jurisdiction abolishes the torts of criminal

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 22

conversation and alienation of affection, "an actor is not
subject to liability [under torts imposing liability for
emotional harm] for conduct that would have subjected the actor
to liability under [criminal conversation or alienation of
affection]." Restatement (Third) Torts § 47 cmt. o (2012); *see
also Stevens v. Redwing*, 146 F.3d 538, 544 (8th Cir. 1998) ("An
action for intentional infliction of emotional distress cannot
be maintained where the underlying claim for alienation of
affection is not actionable and the emotional distress is the
alleged consequence of the same acts which caused the child to
separate from the parent." (alterations and internal quotation
marks omitted)). In its March 30, 2016, order, the Court held
that the Virgin Islands Supreme Court would not recognize a tort
for alienation of a parent's affection. Thus, conduct
constituting that tort could not form the basis for a claim for
intentional infliction of emotional distress. The Court did not
"graft . . . an additional element," Civil No. 2013-95, ECF No.
317 at 11, on the tort of intentional infliction of emotional
harm. Rather, the Court found that a category of conduct was
removed from liability under that tort. The Court finds no error
in this holding.

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 23

### C. Evidence of Abduction and Enticement

Finally, Samuel Hall argues that the Court erred in finding that there was sufficient evidence in the record for the jury to have reached its verdict based on the barred conduct. In essence, Samuel Hall argues that the weight of the evidence presented to the jury was in his favor.

This does not address the standard required by Rule 59. Under Rule 59, when the Court finds nonconstitutional errors in a civil suit, the Court must grant a motion for a new trial unless "it is highly probable that the errors did not affect the outcome of the case." *See McQueeney*, 779 F.2d at 917. Having reviewed the record, the Court remains convinced that the jury could have found in Samuel Hall's favor because Elsa Hall enticed Ethlyn Hall to leave, abducted her, or both. Because neither the verdict, nor the jury instructions allow the Court to resolve this question, a new trial was appropriate. *See Bohler-Uddeholm Am., Inc. v. Ellwood Grp.*, Inc., 247 F.3d 79, 106-07 (3d Cir. 2001). Accordingly, the Court finds no clear error or manifest injustice.

Having found no grounds under which to reconsider the March 30, 2016, order granting Elsa Hall a new trial, the Court will deny Samuel Hall's motion to reconsider.

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 24

The premises considered, it is hereby

**ORDERED** that Samuel Hall's motion to reconsider docketed in

Civil No. 2013-95 at ECF Number 316 is **DENIED.**



S\_____
         **Curtis V. Gómez**
         **District Judge**