DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| ELSA HALL as PERSONAL REPRESENTATIVE of the ESTATE OF ETHLYN LOUISE HALL, and ELSA HALL as TRUSTEE of the ETHLYN LOUISE HALL FAMILY TRUST, | ) ) ) ) ) ) | Civil No. 2011-54 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SAMUEL H. HALL, Jr. and HALL & GRIFFITH, P.C., | ) ) ) | |
| Defendants. | ) ) | |
| SAMUEL H. HALL, Jr., | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 2013-95 |
| v. | ) ) | |
| ELSA HALL, | ) ) | |
| Defendant. | ) ) | |

ATTORNEYS:

**Andrew C. Simpson, Esq.**
**Emily A. Shoup, Esq.**
Law Offices of Andrew Simpson
St. Croix, U.S.V.I.
  *For Elsa Emily Hall in her representative capacity and as trustee.*

**Carl A. Beckstedt, III, Esq.**
Beckstedt and Associate
St. Thomas, U.S.V.I.
  *For Elsa Emily Hall in her personal capacity.*

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 2

**Robert L. King, Esq.**
Law Offices of Robert L. King
St. Thomas, U.S.V.I.
   *For Samuel Hall and Hall and Griffith, PC.*

**Marie E. Thomas-Griffith, Esq.**
Hall & Griffith, P.C., PC.
St. Thomas, U.S.V.I.
   *For Samuel Hall and Hall and Griffith, PC.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the second amended motion of Samuel Hall and Hall & Griffith, P.C., for costs.

## I.   FACTUAL AND PROCEDURAL HISTORY

On May 9, 2011, Ethlyn Hall, individually and as Trustee of the Ethlyn Louise Hall Family Trust (the "Trust"), filed a complaint against Samuel Hall and his law firm, Hall and Griffith, P.C., (the "Samuel Hall defendants") in Civil No. 11-54 (the "Trust Action"). The complaint raised claims for breach of fiduciary duty and fraud. Ethlyn Hall passed away after the Trust Action commenced. One of her daughters, Elsa Hall, continued the action as the personal representative of the estate.

Samuel Hall then filed a nine-count counter-claim against the Trustee in the Trust Action. He also filed a nine-count

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 3

complaint against Elsa Hall in her personal capacity ("Elsa Hall") in Civil No. 2013-95 (the "Samuel Hall Action").

On February 14, 2014, the Trust Action and the Samuel Hall Action were consolidated. Prior to trial, the Court dismissed Samuel Hall's counterclaims in the Trust Action.

In January, 2015, the Trust Action and the Samuel Hall Action were tried before a jury. The jury rendered a verdict in favor of Samuel Hall and Hall & Griffith, P.C., in the Trust Action. In a judgment entered on February 4, 2015, the Court dismissed the Trust Action on the merits.

On March 4, 2015, the Samuel Hall defendants moved for attorney's fees and costs. On March 30, 2016, the Court entered an order on that motion.

With respect to attorney's fees, the Court denied the motion as untimely because more than 28 days had passed between the entry of judgment and filing of the motion. The Court held that the motion for costs was timely. However, "the costs demanded [were] not distributed between the Trust Action and the Samuel Hall Action." Civ. No. 2011-54, ECF No. 452 at 26. As such, the Court was unable to "determin[e] whether the costs are better attributed to the Trust Action or the Samuel Hall Action." *Id.* Accordingly, the Court denied the motion for costs.

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 4

The Court granted the Samuel Hall defendants leave to file an amended bill of costs in the Trust Action no later than April 11, 2016.

On April 11, 2016, the Samuel Hall defendants filed an amended motion for costs. The motion asserted that the Samuel Hall defendants were entitled to an award of $27,844.25 in costs in the Trust Action. In support of the motion, the Samuel Hall defendants attached a list of charges that the motion asserted were either (1) costs "solely related to the Trust Action"; or (2) a 70% assessment of costs related to both actions. *See* Civ. No. 2011-54, ECF No. 456 at 2.

The Court referred the amended motion for costs to the Magistrate Judge. On March 24, 2017, the Magistrate issued a Report and Recommendation. The Magistrate Judge found that the Samuel Hall defendants "failed to provide any competent evidence to support their allocation of costs between [the Trust Action] and the Samuel Hall Action." Civ. No. 2011-54, ECF No. 461 at 3. Further, Elsa Hall's opposition to the amended motion of costs pointed out this deficiency. In reply, the Samuel Hall defendants provided only "copies of checks from their checking account, many of which contain scant information regarding what [Samuel Hall and Hall & Griffiths, P.C.,] were paying for, along

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 5

with a few redacted Lexis statements and one deposition invoice." *Id.* The Samuel Hall defendants provided nothing further to demonstrate "why the costs were incurred" or "the propriety of the 70%-30% allocation." *Id.* Accordingly, the Magistrate recommended denying the amended motion for costs.

On March 28, 2017, the Court adopted the Magistrate's Report and Recommendation. The Court denied the amended motion for costs without prejudice. To the extent they wished to do so, the Court ordered the Samuel Hall defendants to file a second amended bill of costs no later than 3:00 P.M. on April 10, 2017.

At 2:51 P.M. on April 10, 2017, the Samuel Hall defendants filed a second amended motion for costs. Appended to the second amended motion for costs was an affidavit from Marie Thomas Griffiths, counsel for Samuel Hall and Hall & Griffiths, P.C. With respect to the 70%-30% allocation of costs, Marie Thomas Griffiths asserted:

> The bulk of the effort by counsel in the consolidated action was devoted to defending the false accusations made against Defendants. Based on the time and effort expended, I conservatively assessed 70% as the amount of time spent in defending against those charges. In making this assessment, undersigned took into account the fact that there were no depositions taken by Defendant Elsa in the companion case 13cv95; there were no discovery requests served or received by the parties in the 13cv95 case; and unlike the 11cv54 case which

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 6

> involved substantial motions practice, there was limited motions practice in the companion case.

Civ. No. 13-95, ECF No. 415, Exh. 1 at 2; Civ. No. 11-54, ECF No. 464, Exh. 1 at 2.

The motion for costs also included a second amended bill of costs listing 22 expenses. The second amended bill of costs incorrectly asserts that the sum of these expenses is $17,123.71. The actual sum of the listed expenses is $15,849.21. No invoices were appended to the second amended bill of costs.

On April 17, 2017, Elsa Hall filed an opposition to the second amended motion for costs. Elsa Hall argued that the second amended motion for costs should be denied because (1) the second amended bill of costs is not verified and Marie Thomas Griffiths's affidavit did not address all of the costs in the second amended bill of costs; (2) the second amended motion for costs did not include invoices supporting the asserted costs; and (3) the 30%-70% allocation of costs was not supported by sufficient evidence.

On April 24, 2017, the Samuel Hall defendants filed a reply brief. The invoices for the costs asserted in the second amended bill of costs are attached to the reply brief as exhibits.

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 7

On April 26, 2017, Elsa Hall filed a motion to strike the reply brief. Elsa Hall argued that the invoices attached to the reply brief were untimely. In the alternative, Elsa Hall seeks permission to file a surreply to address the submitted invoices. In support of the need to file a surreply, Elsa Hall asserts that the invoices show that costs for three depositions in the second amended bill of costs were incurred in other proceedings.

On May 8, 2017, the Samuel Hall defendants filed an opposition to the motion to strike. The Samuel Hall defendants assert that there is no need to submit invoices with the second amended bill of costs because most of those invoices were attached to the Samuel Hall defendants' reply to the opposition to the first amended motion for costs. The Samuel Hall defendants also acknowledge that two depositions at a total cost of $3,174.83 were erroneously included in the second amended bill of costs.

On May 11, 2017, Elsa Hall filed a reply to the opposition to the motion to strike. Elsa Hall asserts that, prior to the second amended motion for costs, the Samuel Hall defendants submitted an invoice for one cost item. The invoices for the remaining costs were filed for the first time in the reply to the opposition to the second amended motion for costs.

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 8

## II. DISCUSSION

Title 5, section 541 of the Virgin Islands Code ("section 541") provides, in pertinent part:

> Costs which may be allowed in a civil action include:
>
> (1) Fees of officers, witnesses, and jurors;
>
> (2) Necessary expenses of taking depositions which were reasonably necessary in the action;
>
> (3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
>
> (4) Compensation of a master as provided in rule 53 of the Federal Rules of Civil Procedure; [and]
>
> (5) Necessary expenses of copying any public record, book, or document used as evidence in the trial . . . .

5 V.I.C. § 541(a).

## III. ANALYSIS

Local Rule of Civil Procedure 54.1 provides:

> Within thirty days after the entry of a final judgment or a judgment allowing costs, the prevailing party shall serve on the adverse party and file with the Clerk of the Court a Bill of Costs, together with a notice of motion when application will be made to the Clerk to tax the same.

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 9

LRCi 54.1(a). The bill of costs required together with the notice of motion must

> precisely set forth each item thereof, so that the nature of the charge can be readily understood, and shall be verified by the attorney for the applicant, stating that: (1) the items are correct, (2) the services were actually and necessarily performed, and (3) the disbursements were necessarily incurred in the action or proceeding.

LRCi 54.1(b). Finally, the bill of cost must include an invoice for each cost item. *See id.* ("Counsel shall append to the verified Bill of Costs copies of all invoices in support of the request for each item.").

Failure to comply with any of the above requirements results in waiver of entitlement to costs. *See* LRCi 54.1(c) ("Upon failure of the prevailing party to comply with . . . Rule [54.1], all costs shall be waived.").

The Court ordered the Samuel Hall defendants to file a second amended motion for costs no later than April 10, 2017. The Samuel Hall defendants filed a second amended motion for costs on April 10, 2017. However, no invoices were appended to the second amended bill of costs as LRCi 54.1(b) requires.

On April 24, 2017, fourteen days after the second amended bill of costs was due, the Samuel Hall defendants filed a reply

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 10

brief, to which they attached the required invoices. Given this posture, the Court construes the reply of the Samuel Hall defendants as a motion for extension of time to comply with the Court's order that the second amended bill of costs be filed no later than April 10, 2017.

The Court may extend the time for filing a motion after the time has "expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Samuel Hall defendants have not argued that there was excusable neglect nor provided any evidence of excusable neglect. Accordingly, because the Samuel Hall defendants failed to timely file a complete bill of costs by April 10, 2017, the Court will deny the second amended motion for costs. *See Michael J. Benenson Assocs., Inc. v. Orthopedic Network of New Jersey*, 54 Fed. App'x 33, 37 (3d Cir. 2002) (affirming denial of motion for costs because party "fail[ed] to provide invoice documentation of the items for which it sought reimbursement" in violation of similar local rule for the United States District Court of the District of New Jersey).

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Order
Page 11

The premises considered, it is hereby

**ORDERED** that the second amended motion for costs docketed in Civil Number 2011-54 at ECF Number 464 and in Civil Number 2013-95 at ECF Number 415 is **DENIED;** and it is further

**ORDERED** that the motion to strike docketed in Civil Number 2011-54 at ECF Number 467 is **MOOT.**


S\_____
**Curtis V. Gómez
District Judge**