IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| ELSA HALL, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ETHLYN LOUISE HALL and AS SUCCESSOR TRUSTEE OF THE ETHLYN LOUISE HALL FAMILY TRUST,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMUEL H. HALL, JR. AND HALL & GRIFFITH, P.C.,<br><br>    Defendants. | Case No. 3:11-cv-0054 |

### ORDER[1]

**BEFORE THE COURT** are Defendants' Motions [for] Summary Judgment for Dismissal of Plaintiff's Conversion Claim and Removal of Lis Pendens Against Defendant Hall's Property (ECF No. 487 and re-filed at ECF No. 500) and Defendants' Renewed Motion for Partial Summary Judgment Dismissing Count III as to Legal Malpractice (ECF No. 489). Plaintiff filed oppositions to the motions (*see* ECF Nos. 497 and 509 and 495, respectively). Defendants filed a reply only to the opposition to their motion regarding Count III (*see* ECF No. 504).

It is well established that the court shall grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears "the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which

---

[1] Proceedings in the above-captioned matter have been remanded to this Court by mandate of the Third Circuit Court of Appeals. *See* ECF No. 476, docketed on October 17, 2018. (The Third Circuit's Opinion is reported at *Hall v. Hall*, 753 F. App'x 96 (3d Cir. 2018)). The Court will address the specific issues identified by the Third Circuit in a Memorandum Opinion to be issued at a later date.

it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.* 477 U.S. at 323.

If the movant carries its initial burden, the burden shifts to "the nonmovant to go beyond the pleadings and by [their] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Daubert v. NRA Group, LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Celotex*, 477 U.S. at 324) (internal quotation marks omitted).

Once the burden has shifted to the non-moving party, the nonmovant must provide evidence sufficient to establish a genuine issue of fact. A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Id.* However, when deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence. Instead, all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983); *see Daubert*, 861 F.3d at 388-89 (citing *Steele v. Cicchi*, 855 F.3d 494, 500 (3d Cir. 2017). Thus, when considering a motion for summary judgment, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Based upon a thorough review of the record and the written submissions of the parties and upon due consideration thereof, the Court finds that genuine issues of material fact exist in this matter sufficient to defeat Defendants' motions. Accordingly, it is hereby

**ORDERED** that Defendants' Motions [for] Summary Judgment for Dismissal of Plaintiff's Conversion Claim and Removal of Lis Pendens Against Defendant Hall's Property, ECF No. 487 and re-filed at ECF No. 500, are **DENIED**; it is further

**ORDERED** that Defendants' Renewed Motion for Partial Summary Judgment Dismissing Count III as to Legal Malpractice, ECF No. 489, is **DENIED**.

**Dated:** September 29, 2025            /s/ *Robert A. Molloy*
                                                      **ROBERT A. MOLLOY**
                                                      **Chief Judge**