IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| ELSA HALL, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ETHLYN LOUISE HALL and AS SUCCESSOR TRUSTEE OF THE ETHLYN LOUISE HALL FAMILY TRUST,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>SAMUEL H. HALL, JR. AND HALL & GRIFFITH, P.C.,<br><br>　　　　　　Defendants. | Case No. 3:11-cv-0054 |

## ORDER

**THIS MATTER** is before the Court upon remand from the United States Court of Appeals for the Third Circuit. As the record reflects, a consolidated trial was held in January 2015 in the above-captioned matter and the related matter, involving the same parties and many of the same or similar issues, *Hall v. Hall*, Case No. 3:13-cv-0095 (D.V.I.). Upon appeal, the Third Circuit of Appeals reinstated Plaintiff's claims for tax liability, legal malpractice, and conversion in this matter, which had been dismissed by this Court before trial. Those three claims, having been remanded by the Third Circuit, are now before the Court. The appellate court affirmed the jury verdict as to all other claims. *See* Mandate (Reissued) (ECF No. 476), docketed on October 17, 2018.[1]

On August 29, 2025, the Court denied Defendants' pending motions for summary judgment and partial summary judgment. *See* Order (ECF No. 521). The Court also granted Defendants' Motion to Amend Answer and Counterclaim (ECF No. 493) by separate, text-entry only order on the same date. *See* ECF No. 522. The record is devoid of any filing of an amended answer and counterclaim by Defendants.

---

[1] The Third Circuit opinion is reported at *Hall v. Hall*, 753 F. App'x 96 (3d Cir. 2018).

*Hall v. Hall*
Case No. 3:11-cv-0054
Order
Page 2 of 4

At this juncture, the parties should be prepared to try the three claims reinstated by the Third Circuit. However, prior to proceeding to trial, the Court must determine whether the claims for legal malpractice and conversion survive the death of Ethlyn Hall.[2] Not only did Defendants not argue before the appellate court that the claims were extinguished, but also, as Plaintiff observes in her opposition to Defendant's motion for summary judgment, Defendants "do not assert [in their motion] that the legal malpractice . . . claim[] terminate[d] with Ethlyn Hall's death." Plaintiff's Opposition to Defendants' Renewed Motion (Doc. No. 489) for Summary Judgment on the Legal Malpractice Claim (ECF No. 495) at 2 n.2. Plaintiff also alleges that, by the filing of their motion for summary judgment on the both the legal malpractice claim and conversion claim, Defendants have conceded that those claims survive Ethlyn Hall's death. *See* Plaintiff's Opposition to Defendants' Motion (Doc. No. 487) for Summary Judgment on the Conversion Claim (ECF No. 497) at 2-3 and nn.1-2.

The Court was unable to locate a definitive answer in Virgin Islands law as to the survival of those two claims. In many states, the survival of claims is addressed by statute. The Virgin Islands Code provides for only personal injury tort claims. *See* 5 V.I.C. §77. The Superior Court of the Virgin Islands offers this guidance in *Augustin v. Hess Oil Virgin Islands Corp.*, 67 V.I. 488 (Super. Ct. 2017):

> [u]nder Virgin Islands law, "when someone dies two things happen. First, any personal injury claims the person may have had abate unless there is authority extending the life of those claims." *Der Weer v. Hess Oil V.I. Corp.*, 61 V.I. 87, 102 (Super. Ct. 2014). Claims for "physical injury to the person or out of a statute imposing liability for such injury shall not abate by reason of the death of the wrongdoer or any other person liable for damages for such injury, nor by

---

[2] In its remand opinion, the Third Circuit specifically directs the Court to make such findings:

> The Estate contends that the District Court dismissed the conversion and legal malpractice claims because the Court thought that they did not survive Ethlyn's death. According to the Estate, that conclusion was erroneous because those claims do survive, and Samual does not argue otherwise on appeal. Instead, Samuel contends that the District Court dismissed those claims on other grounds. The Court said that it would issue a decision justifying the dismissal, but it never did. Without an explanation from the District Court, it is difficult for us to ascertain the reason for dismissal. Thus, we will vacate the dismissal of those claims as well [as the tax liability claim] and order the Court to reconsider whether the legal malpractice and conversion claims survive Ethlyn's death. The Court should provide the reasons for its conclusion.

*Hall v. Hall*, 753 F. App'x 96, 101-02 (3d Cir. 2018)

> reason of the death of the person injured." 5 V.I.C. § 77. Also property and contract claims do not abate upon a person's death. *Cf. Der Weer*, 61 V.I. at 98 ("'At common law, all causes of action for personal torts abated on the death of either the injured party or the tortfeasor. The rule was expressed in the maxim, *actio personalis moritur cum persona*, i.e., a personal action dies with the person. Other causes of action, principally property and contract claims, did not abate with the death of a party.'" (*quoting Sullivan v. Delta Air Lines, Inc.*, 15 Cal. 4th 288, 63 Cal. Rptr. 2d 74, 935 P.2d 781, 784 (1997), parenthetically)).

*Id.* at 505. Thus, according to this pronouncement, claims involving property or affecting property rights do not abate upon a person's death in the Virgin Islands, which follows the common law. *See, e.g., Marriott v. Wilhelmsen*, 575 P.3d 1106, 1110 (Utah 2025) ("Under Utah common law, tort claims of property damage or conversion survive the original claimant's death because 'a cause of action for injury done to [property] can achieve its purpose as well after the death of the owner as before.' But personal tort claims do not survive, because 'the reason for redressing purely personal wrongs ceases to exist either when the person injured cannot be benefited by a recovery or the person inflicting the injury cannot be punished.' Caselaw also suggests that most contract claims survive the death of the owner of the claim." (citations and footnotes omitted)); *Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780, 784 (Tex. 2006) ("When no statute addresses the survivability of a cause of action, we apply common law rules. *Thomes v. Porter*, 761 S.W.2d 592, 594 (Tex. App.--Fort Worth 1988, no writ). '[A]t common law all causes of action for damages die with the person of the party injured, or the person inflicting the injury, except such damages as grow out of acts affecting the property rights of the injured party.' *Johnson v. Rolls*, 97 Tex. 453, 79 S.W. 513, 514 (Tex. 1904) . . . . Thus, absent a statute providing to the contrary, a cause of action that is penal or personal in nature typically does not survive, while claims that are contractual in nature or affect property rights survive the death of either party. *See* 1 AM. JUR. 2D *Abatement, Survival and Revival* § 65 (2006) (internal citation omitted)); *Newbach v. Giaimo & Vreeburg*, 618 N.Y.S.2d 307, 308 (N.Y. App. Div. 1994) ("As duly appointed representatives of the estate, plaintiffs are entitled to commence an action "for injury to person or property" following "the death of the person in whose favor the cause of action existed" ( EPTL 11-3.2[b]). A legal malpractice claim survives a client's death and may

*Hall v. Hall*
Case No. 3:11-cv-0054
Order
Page 4 of 4

be prosecuted by the client's estate representative . . . ." (citation omitted)). This rule also is reflected in comment a to Section 900 of the Restatement of Torts (Second):

> At early common law all causes of action for tort terminated on the death of either the tortfeasor or the injured party. As early as 1330, by statute an action could be maintained after the death of the owner for the taking of property that had diminished his estate. Aside from statute, a person who has obtained property from another since deceased is liable for its value, as also is his estate after his death, if suit is brought in a restitutionary action. In many states the early survival statute was accepted as part of the common law, and from the beginning the legislatures of the several states began to modify the common law by enacting statutes, so that today there are numerous statutes providing for survivorship after the death either of the tortfeasor or of the injured party for many kinds of tort claims involving both injury to things and injury to the person.

*Id*.

Here, both the legal malpractice claim and the conversion claim are based upon the monies received from the lease of Parcel 17-7 Estate Peter Bay entered into by Samuel Hall on behalf of Ethlyn Hall, monies which Plaintiff alleges were not gifted to Samuel Hall, but converted without authorization and in breach of Defendants' duties to Ethlyn Hall. The Court finds that these claims, while sounding in tort, are asserted against the property of Ethlyn Hall that is now part of her estate and are restitutionary in nature. Therefore, the Court finds that the claims survive Ethlyn Hall's death, and Plaintiff may proceed on the claims against Defendants.

Having made the foregoing findings, it is hereby

**ORDERED** that Plaintiff may proceed to trial on all claims reinstated by the Third Circuit Court of Appeals; it is further

**ORDERED** that a telephonic status conference **SHALL** commence at **10:00 a.m., Wednesday, February 11, 2026**, before Chief Judge Robert A. Molloy. The parties shall be prepared to discuss scheduling this matter for jury selection and trial. The Court will provide the parties with the call-in information for the telephonic status conference.

**Dated:** January 30, 2026                     */s/ Robert A. Molloy*
                                                                **ROBERT A. MOLLOY**
                                                                **Chief Judge**