# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| ELSA HALL, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ETHLYN LOUISE HALL AND AS SUCCESSOR TRUSTEE OF THE ETHLYN LOUISE HALL FAMILY TRUST, <br><br> PLAINTIFF, <br><br> v. <br><br> SAMUEL H. HALL, JR. AND HALL & GRIFFITH, P.C., <br><br> DEFENDANTS. | CIVIL. NO. 3:11-CV-54 <br> ACTION FOR DAMAGES <br> FOR AN ACCOUNTING <br> JURY TRIAL DEMANDED |

## DEFENDANTS' AMENDED ANSWER TO THE AMENDED COMPLAINT

Defendants, by and through the undersigned attorneys hereby respond to the First Amended Complaint ("Complaint") as follows:

1. The allegations contained in paragraph 1 of the Complaint are DENIED.

2. The allegations contained in paragraph 2 of the Complaint are ADMITTED.

3. The allegations contained in paragraph 3 of the Complaint are DENIED.

4. The allegations contained in paragraph 4 of the Complaint are DENIED for lack of knowledge.

5. The allegations contained in paragraph 5 of the Complaint are DENIED for lack of knowledge.

6. The allegations contained in paragraph 6 of the Complaint are DENIED for lack of knowledge.

7. The allegations contained in paragraph 7 of the Complaint are DENIED for lack of knowledge.

8. The allegations contained in paragraph 8 of the Complaint are DENIED for lack of knowledge.

9. The allegations contained in paragraph 9 of the Complaint are DENIED for lack of knowledge.

10. The allegations contained in paragraph 10 of the Complaint are DENIED for lack of knowledge.

11. The allegations contained in paragraph 11 of the Complaint are DENIED for lack of knowledge.

12. The allegations contained in paragraph 12 of the Complaint are DENIED for lack of knowledge.

13. The allegations contained in paragraph 13 of the Complaint are DENIED for lack of knowledge.

14. The allegations contained in paragraph 14 of the Complaint are ADMITTED.

15. The allegations contained in paragraph 15 of the Complaint are ADMITTED.

16. The allegations contained in paragraph 16 of the Complaint are ADMITTED.

17. The allegations contained in paragraph 17 of the Complaint are ADMITTED.

18. The allegations contained in paragraph 18 of the Complaint are ADMITTED to the extent that it alleges Defendant Hall provided legal services to his mother for over twenty years. All of the other allegations in the paragraph are DENIED.

19. The allegations contained in paragraph 19 of the Complaint are DENIED.

20. The allegations contained in Paragraph 20 of the Complaint are ADMITTED to the extent that it indicates that Ethlyn Louise Hall signed a power of attorney on August 4, 2007, giving to her son, Defendant Hall, the power to act on her behalf, a copy of which was attached to the initial complaint, and it is not notarized.

21. The allegations contained in paragraph 21 of the Complaint are ADMITTED to the extent that it indicated that Ethlyn Louise Hall signed a power of attorney on August 13, 2008, giving to her son, Defendant Hall, the power to act on her behalf, a copy of which was attached to the initial complaint, and it is notarized by Marie ThomasGriffith, a principal in Hall & Griffith, P.C.

22. The allegations contained in Paragraph 22 of the Complaint are DENIED to the extent that it alleges that the two powers of attorney referred to above were prepared by Defendant Hall as part of the law practice of Hall & Griffith, P.C., or prepared solely in his capacity as an attorney for his mother, Ethlyn Hall. They were prepared primarily in his capacity as her son, utilizing his skills as a lawyer and person knowledgeable about construction, and in furtherance of her interests and like all legal matters he handled for her he did so at no cost to her.

23. The allegations contained in Paragraph 23 of the Complaint are DENIED. In 1999 Ethlyn Hall conveyed an acre to Elsa Hall, in exchange for her quit-claiming her interest in Parcel 156 and 157 Estate Contant and Enighed St. John back to Ethlyn Hall and Phyllis Hall, leaving the Remainder of Parcel 17 to be subdivided.

24. The allegations contained in Paragraph 24 of the Complaint are DENIED to the extent that it alleges Parcel 17 was subdivided on April 19, 2002 into seven subplots. Following the conveyance of an acre to Elsa Hall in 1999, on April 19, 2002, Ethlyn Hall conveyance an additional 1.2 acres to Elsa Hall, a 1.1 acre parcel to Samuel Hall, a 1.1 acre to Phyllis Hall Brin and Parcel 17-6 to Yassin Hall. She subsequently conveyed Parcel 17-3 and 17-B to St. John Land Investment Partnership.

25. The allegations contained in Paragraph 25 of the Complaint are ADMITTED.

26. The allegations contained in Paragraph 26 of the Complaint are ADMITTED.

27. The allegations contained in Paragraph 27 of the Complaint are ADMITTED. He prepared them at no cost to her and paid the cost of doing so.

28. The allegations contained in paragraph 28 of the Complaint are DENIED. She owned Parcel 17-7 up to the date of her death.

29. The allegations contained in paragraph 29 of the Complaint are DENIED to the extent that it alleges such a transfer as if it were valid.

30. The allegations contained in paragraph 30 of the Complaint are ADMITTED.

31. The allegations contained in paragraph 31 of the Complaint are ADMITTED.

32. The allegations contained in paragraph 32 of the Complaint are ADMITTED.

33. The allegations contained in paragraph 33 of the Complaint are ADMITTED.

34. The allegations contained in paragraph 34 of the Complaint are ADMITTED.

35. The allegations contained in paragraph 35 of the Complaint are ADMITTED to the extent that it alleges that Defendant Hall drafted the Ground Lease as attorney for Ethlyn Hall without also stating he did so primarily as her son at no cost to her.

36. The allegations contained in paragraph 36 of the Complaint are DENIED. Under the 2003 Ground Lease, it was the obligation of the tenant to build the improvements constituting the rent and to reimburse Ethlyn Hall the property taxes.

37. The allegations contained in paragraph 37 of the Complaint are DENIED as stated. Per the terms of the statement (Doc. 1-4), addressed to whom it may concern, Ethlyn Hall confirmed her willingness to allow her son to halt or postpone the construction of the cottage of Phyllis Hall on Parcel No. 17-4 Peter Bay, St. John, in favor of the construction of his home on Parcel No. 17-5, and to reprogram money from the Tenant under the Ground Lease for the construction of his home in order to expedite his assistance of her in her future care on St. John. The document is not an agreement, and states no consideration. Rather, it states her motivation in reprogramming the funds.

38. The allegations contained in paragraph 38 of the Complaint are DENIED to the extent that it alleges documents were drafted on August 4, 2007, and that Ethlyn Hall "allegedly" signed the Assignment. The allegations are ADMITTED to the extent that they state that the Assignment is part of the record as Doc. 1-5, and assigned to Defendant Hall her rights as Landlord under the 2003 Ground Lease.

39. The allegations contained in Paragraph 39 of the Complaint are DENIED as to any "alleged" execution. They are ADMITTED to the extent that it alleges that Defendant Hall was the attorney of Ethlyn Hall at the time that she executed Doc. No. 1-4 and 1-5

but he also, primarily, was her son seeking to accomplish her desires and further her interests.

40. The allegations contained in Paragraph 40 of the Complaint are DENIED.

41. The allegations contained in Paragraph 41 of the Complaint are DENIED.

42. The allegations contained in Paragraph 42 of the Complaint are DENIED.

43. The allegations contained in Paragraph 43 of the Complaint are DENIED.

44. The allegations contained in Paragraph 44 of the Complaint are DENIED.

45. The allegations contained in Paragraph 45 of the Complaint are DENIED.

46. The allegations contained in Paragraph 46 of the Complaint are DENIED.

47. The allegations contained in Paragraph 47 of the Complaint are DENIED. She received the value she expected to receive in the form of improvements on the property of Phyllis Hall Brin, Yassin Hall and Samuel Hall.

48. The allegations contained in Paragraph 48 of the Complaint are DENIED.

49. The allegations contained in Paragraph 49 of the Complaint are DENIED.

50. The allegations contained in Paragraph 50 of the Complaint are ADMITTED to the extent that it alleges that in early February 2011, Ethlyn Louise Hall received a letter from Defendant Hall dated February 1, 2011, informing her that the Lease on Parcel 17-7 generated a capital gain totaling $1,070,000 was subject to a capital gains tax of 15%, and that a copy of the letter is part of the record in this matter as Doc. No. 1-9, and that in the letter, Defendant Hall acknowledged that he, Phyllis Hall Brin and Yassin Hall Young all benefitted from these funds, through the improvements made on their respective parcels, and that he and the other beneficiaries are expected to pay their respective share of the tax. All other allegations are DENIED.

51. The allegations contained in Paragraph 51 of the Complaint are DENIED.

52. The allegations contained in Paragraph 52 of the Complaint are ADMITTED to the extent that they allege that Defendant Hall prepared a Form 1099-S and filed it with the Virgin Islands Bureau of Internal Revenue showing Ethlyn received $1,070,000 for the sale of a long-term lease on February 19, 2010, which is when the Tenant fulfilled its obligation to consummate the purchase of the lease by funding certain capital improvements.

53. The allegations contained in Paragraph 53 of the Complaint are ADMITTED to the extent that it alleges that he received assistance under the 2003 Ground Lease as a gift to him from his mother, to the same extent as did Phyllis Hall Brin and Yassin Hall.

54. The allegations contained in Paragraph 54 of the Complaint are DENIED.

55. The allegations contained in Paragraph 55 of the Complaint are DENIED.

## COUNT I

## BREACH OF FIDUCIARY DUTY ARISING OUT OF ATTORNEY-CLIENT RELATIONSHIP

56. The allegations contained in Paragraph 56 of the Complaint are DENIED.

57. The allegations contained in Paragraph 57 of the Complaint are DENIED.

58. The allegations contained in Paragraph 58 of the Complaint are DENIED.

59. The allegations contained in Paragraph 59 of the Complaint are DENIED.

60. The allegations contained in Paragraph 60 of the Complaint are DENIED.

61. The allegations contained in Paragraph 61 of the Complaint are DENIED.

62. The allegations contained in Paragraph 62 of the Complaint are DENIED.

63. The allegations contained in Paragraph 63 of the Complaint are DENIED.

64. The allegations contained in Paragraph 64 of the Complaint are DENIED.

## COUNT II – BREACH OF FIDUCIARY DUTY
## ARISING OUT OF POWER OF ATTORNEY

65. The allegations contained in Paragraph 65 of the Complaint are DENIED as to the duty of loyalty being absolute.

66. The allegations contained in Paragraph 66 of the Complaint are DENIED.

67. The allegations contained in Paragraph 67 of the Complaint are DENIED.

68. The allegations contained in Paragraph 68 of the Complaint are DENIED.

69. The allegations contained in Paragraph 69 of the Complaint are DENIED.

70. The allegations contained in Paragraph 70 of the Complaint are DENIED.

71. The allegations contained in Paragraph 71 of the Complaint are DENIED.

## COUNT III – LEGAL MALPRACTICE

72. The allegations contained in Paragraph 72 of the Complaint are DENIED.

73. The allegations contained in Paragraph 73 of the Complaint are DENIED.

74. The allegations contained in Paragraph 74 of the Complaint are DENIED.

75. The allegations contained in Paragraph 75 of the Complaint are DENIED.

76. The allegations contained in Paragraph 76 of the Complaint are DENIED.

77. The allegations contained in Paragraph 77 of the Complaint are DENIED.

78. The allegations contained in Paragraph 78 of the Complaint are DENIED.

## COUNT IV – CONVERSION OF PROPERTY

79. The allegations contained in Paragraph 79 of the Complaint are DENIED. Jack Andrews was given credit for $270,000, representing the value of improvements made under the Ground Lease as of a certain date.

80. The allegations contained in Paragraph 80 of the Complaint are DENIED. Jack Andrews and David Talton were given credit for $800,000, representing the value of additional improvements made under the Ground Lease.

81. The allegations contained in Paragraph 81 of the Complaint are ADMITTED to the extent that it alleges that Andrews and Talton provided value to Ethlyn Hall in the amount of $1,070,000 for the 75 year Ground Lease.

82. The allegations contained in Paragraph 82 of the Complaint are DENIED. The $800,000 was to fund the capital improvements under the 2003 Ground Lease, as those improvements were revised by Phyllis Hall and Ethlyn Hall, and to "satisfy and discharge the obligations of the tenant under the Lease Agreement dated January 25, 2003 between Landlord and ANDREWS ST. JOHN TRUST (the "Prior Lease") and for the cancellation and surrender of the Prior Lease; and in consideration for the granting of this Lease."

83. The allegations contained in Paragraph 83 of the Complaint are ADMITTED.

84. The allegations contained in Paragraph 84 of the Complaint are ADMITTED to the extent it alleges that Ethlyn Hall is the owner of Parcel 17-7, Estate Peter Bay and entitled to the value of the capital improvements she sought.

85. The allegations contained in Paragraph 85 of the Complaint are DENIED.

86. The allegations contained in Paragraph 86 of the Complaint are DENIED.

87. The allegations contained in Paragraph 87 of the Complaint are DENIED.

88. The allegations contained in Paragraph 88 of the Complaint are DENIED.

89. The allegations contained in Paragraph 89 of the Complaint are ADMITTED to the extent that it alleges Defendant Hall acted as Ethlyn Hall's attorney for over 20 years.

90. The allegations contained in Paragraph 90 of the Complaint are DENIED.

91. The allegations contained in Paragraph 91 of the Complaint are DENIED.

92. The allegations contained in Paragraph 92 of the Complaint are ADMITTED to the extent that it alleges that Ethlyn Hall was entitled to a copy of her files upon request.

93. The allegations contained in Paragraph 93 of the Complaint are DENIED.

94. The allegations contained in Paragraph 94 of the Complaint are DENIED.

95. The allegations contained in Paragraph 95 of the Complaint are DENIED.

96. The allegations contained in Paragraph 96 of the Complaint are DENIED.

97. The allegations contained in Paragraph 97 of the Complaint are DENIED.

98. The allegations contained in Paragraph 98 of the Complaint are DENIED.

99. The allegations contained in Paragraph 99 of the Complaint are DENIED.

100. The allegations contained in Paragraph 100 of the Complaint are DENIED.

101. The allegations contained in Paragraph 101 of the Complaint are DENIED.

102. The allegations contained in Paragraph 102 of the Complaint are ADMITTED as to advice Defendant Hall gave his mother and on which she justifiably relied, and are DENIED as to Ethlyn Hall being instructed to sign any documents.

103. The allegations contained in Paragraph 103 of the Complaint are DENIED.

104. The allegations contained in Paragraph 104 of the Complaint are DENIED as to fraud or any damages arising therefrom or the diversion of any funds. The capital improvements are located at Parcels 17-4, 17-5 and 17-6 and are evident to see.

105. The allegations contained in Paragraph 105 of the Complaint are DENIED.

106. The allegations contained in Paragraph 106 of the Complaint are DENIED.

### COUNT VII – UNJUST ENRICHMENT

107. The allegations contained in Paragraph 107 of the Complaint are DENIED.

108. The allegations contained in Paragraph 108 of the Complaint are DENIED.

109 The allegations contained in Paragraph 109 of the Complaint are DENIED.

110. The allegations contained in Paragraph 110 of the Complaint are DENIED.

111. The allegations contained in Paragraph 111 of the Complaint are DENIED.

## COUNT VIII – ACCOUNTING

112. The allegations contained in Paragraph 112 of the Complaint are DENIED.

113. The allegations contained in Paragraph 113 of the Complaint are DENIED.

114. The allegations contained in Paragraph 114 of the Complaint are DENIED.

115. The allegations contained in Paragraph 115 of the Complaint are DENIED.

116. The allegations contained in Paragraph 116 of the Complaint are DENIED.

117. The allegations contained in Paragraph 117 of the Complaint are DENIED.

118. The allegations contained in Paragraph 118 of the Complaint are DENIED.

119. The allegations contained in Paragraph 119 of the Complaint are DENIED.

120. The allegations contained in Paragraph 120 of the Complaint are DENIED.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim for which relief can be granted.

2. The Complaint is barred by the statute of limitations.

3. The Trust lacks standing to bring a claim against Defendants.

4. The alleged claims of Ethlyn Hall do not survive her death.

5. The alleged claims of Ethlyn Hall cannot be assigned to the Trust.

6. The Trust and other documents signed by Ethlyn Hall after August 2010 were signed while she was subject to undue influence by Elsa Hall and others and are therefore invalid.

7. The Plaintiff's claims are barred by the doctrine of unclean hands.

8. Defendant Samuel Hall reserves the right to assert additional affirmative defenses based on information obtained in the case, including Plaintiff's overdue initial Rule 26 discovery, which has not yet been obtained.

9. The doctrine of collateral estoppel bars Plaintiff from pursuing claims of conversion, malpractice or any other claims against Defendants in as much as a jury has found in favor of Defendants on the claims of breach of fiduciary duty, unjust enrichment, and fraud.

10. Defensive estoppel, alone or in combination with other equitable and legal arguments, requires that the notice of lis pendens filed by Plaintiff against the title to the property of Defendant Samuel H. Hall, Jr. be invalidated and removed.

Dated: 02/02/2026             /s/Robert L. King, Esq._____
                              ROBERT L KING, ESQ.
                              KING & KING LAW PC
                              4503 Norre Gade Ste. 2
                              P.O. Box 9768
                              St. Thomas, Virgin Islands 00801
                              (340) 714-4040
                              V.I. Bar No.188
                              Attorney for Defendants.

CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2026, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send a notification of such filing to:

Andrew C. Simpson, Esq. (VI Bar 451)
2191 Church Street, Suite 5
Christiansted, VI 00820
(T) 340-719-3900

/s/Robert L. King, Esq.