IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

ELSA HALL, AS PERSONAL
REPRESENTATIVE
OF THE ESTATE OF ETHLYN LOUISE HALL
AND AS SUCCESSOR TRUSTEE OF THE
ETHLYN LOUISE HALL FAMILY TRUST,

                    Plaintiff ,

      v.

SAMUEL H. HALL, JR. and
HALL & GRIFFITH, P.C.

                Defendants.

CIVIL. NO. 3:11-CV-54

ACTION FOR DAMAGES
FOR AN ACCOUNTING

JURY TRIAL DEMANDED

MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE
EXPERT TESTIMONY OF DAVID M. NISSMAN

On April 24, 2026 plaintiffs proposed expert David M. Nissman submitted a report signed by him that expresses the opinions that he holds with reference to the instant case. (Exhibit "A").  In support of his opinions Attorney Nissman lists that he reviewed a copy of the Amended Complaint, the Amended Answer, Attorney Hall's deposition in this case with exhibits, Attorney Hall's deposition in the Florida case (3 volumes), the judgment in the Florida case, and the final judgment on fees in the Florida case.  Attorney Nissman has not reviewed any deposition or any other sworn testimony of the original plaintiff, Ethlyn Hall because none exists. The

*Memorandum in Support of Motion in Limine*
*to Exclude Testimony of David M. Nissman*

_____

plaintiffs have failed to preserve the testimony of Ethlyn Hall and that testimony was forever lost, as a result of her death on May 5, 2012.

It is respectfully submitted the report and opinion of Attorney Nissman is nothing more than an impermissible and thinly veiled attempt to invade the province of the jury, under the guise of what purports to be expert testimony. Plaintiffs' purpose in retaining the proposed expert is to attempt to tell the jury what facts to find and is an attempt to bolster plaintiff's view of the facts. The opinion is one of an "Oath Helper", attempting to provide testimonial evidence where none exists. The opinions of Attorney Nissman must be excluded as unreliable, without a proper foundation, unhelpful to the Trier of fact, and otherwise improper.

## Federal Rule of Evidence 702

Plaintiffs bear the burden of establishing the admissibility of their expert's testimony by a preponderance of the evidence. <u>Virgin Islands v. Jacobs</u>, No. 2001-65, 2001 U.S. Dist. Lexis 22511 (2001); Mercedes-<u>Benz USA, Inc. v. Coast Auto Group, Ltd.</u>, 362 F. Appx. 332 (2010).

In <u>Daubert v. Merrell Dow Pharmaceutical Inc.,</u> 509 U.S. 579 (1993) and its progeny, the Supreme Court found that Rule 702 requires a judge ensure that any and all expert matters described in Rule 702 are both relevant and reliable.  The district judge has a gatekeeper function in connection with expert testimony to assure

*Memorandum in Support of Motion in Limine*
*to Exclude Testimony of David M. Nissman*

Page 3

_____

that the requirements of Section 702 are met. <u>ZF Meritor, LLC v. Eaton Corp.</u>, 696

F.3d 254 (2012); Barnes<u> v. Century Aluminum Co.</u> No. 05-62, 2013 U.S. Dist. Lexis

42311 (March 26, 2013);  <u>Schneider v. Fried</u>, 320 F.3d 396 (2003); and <u>Pineda v. Ford</u>

<u>Motor Co.</u>, 520 F. 3d. 237 (2008).


## Plaintiff's Claims

The original Plaintiff, Ethlyn Hall, in her personal and representative

capacity, filed a complaint on May 9, 2011, alleging an "action for damages and for

an accounting," and a number of counts of legal malpractice.  After the death of

Ethlyn Hall an amended complaint was filed on January 21, 2013 alleging detailed

claims of "breach of fiduciary duty arising out of attorney-client relationship",

"breach of fiduciary duty arising out of power of attorney," "legal malpractice,"

"conversion of property," "conversion of legal files," "fraud," "unjust enrichment,"

"constructive trust" and "equitable lien."  The underlying basis of each of the claims

lies in allegations arising out of the attorney/client relationship.

The claims were variations of the same claim for attorney malpractice.

Defendants Samuel Hall and Hall and Griffith, P.C. moved for summary judgment

on the basis that each of these claims were time barred by the statute of limitations,

5 V.I.C. Section 31(5) requires such malpractice claims to be brought within two (2)

years of accrual.  *ECF# 239-241, 244, 246- 247*.

*Memorandum in Support of Motion in Limine*
*to Exclude Testimony of David M. Nissman*

Page 4

_____

Although Plaintiffs' expert appears to ignore that the claims are each time barred he explains his function this way. He states that he was tasked to opine if Attorney Hall violated ethical rule 128. Nissman explained that a finding by him of such a violation of an ethical minimum standard does not equate to an opinion that there is a valid claim for relief. Further, He is not opining that a viable claim for negligence, malpractice, conversion, or some other tort exists. (Appendix I., Tr. Pg. 65 lines 3- 22, pg. 66 lines 1- 21, pg. 67 lines 7- 21).   Attorney Nissman concluded by stating that his opinion should not be interpreted as him saying that there is a viable claim. "I was not asked to opine whether there were bonafide causes of action. I was asked to opine a minimum standard of ethical behavior by the attorney. That is judge stuff.  I was asked to comment on whether this conduct violated an ethical duty."  That's as far as his opinion goes. (Appendix I, Tr pg. 67 lines 16- 21).

The opinion provided by Attorney Nissman that there was a breach of a minimum standard is based upon the set of incomplete facts and information provided to him by Attorney Simpson and the assumptions recited in his report. (Exhibit A, & Appendix I, Tr. pg. 66 lines 22- 25, pg. 68 lines 1- 13).  The conclusion that a breach of a minimum ethical standard existed based solely on information provided by Attorney Simpson, and without consideration of other relevant information makes the opinion that of an Oath Helper.  The opinions are irrelevant to the extent that ethical claims no longer exist in this case; and if they did exist,

*Memorandum in Support of Motion in Limine*
*to Exclude Testimony of David M. Nissman*

_____

they are time barred by the statute of limitations. The opinions of Attorney Nissan

Present a substantial risk of confusing the jury as to the issues to be decided. The

opinions of Attorney Nissman must be excluded as confusing and unhelpful to the

trier of fact.

**Expert Qualifications**

Plaintiffs' proposed expert has attached a "Biography" that sets forth the

qualifications that he submits in support of the claim that he is an expert. (Exhibit

"B").  Upon deposition, Attorney Nissman claimed an expertise in ethics, based on the

fact that he has been practicing law for 48 years, and most of those years he has

practiced in the Virgin Islands. He also states that while at the Department of Justice

he was a publisher of an ethics manual. (Appendix I, Tr. Pg. 10 lines 16- 23, pg. 11

lines 10-15, lines 20- 25, Tr pg. 13 lines 1-10, Attorney Nissman does not hold himself

out as an expert in contracts, torts, real or property law. (Appendix I, Tr. pg. 12 lines

1-25, Pg.13 lines 10- 12-14).   None of the areas listed in his biography qualifies him

as an expert in ethics when the issues involve a gift between mother and son where

the son is also an attorney. Further there is nothing in his experience as a government

publisher or private legal practitioner that makes him uniquely qualified to opine on

ethics of the kind presented in the instant case. A judge's instruction on the ethical

standard that must be applied, if one is required and warranted, is sufficient and all

that is needed in a case like this one.

The opinions expressed by Attorney Nissman are offered to do nothing more

*Memorandum in Support of Motion in Limine*
*to Exclude Testimony of David M. Nissman*

_____

than to argue plaintiffs' point of view, by one claiming to be an expert, without the requisite expertise.

Federal Rules of Evidence Rule 702 provides:

> *If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliable to the facts of the case.*

Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability, and fit. Schneider v. Fried, 320 F. 3d 396 (2003); and Pineda v. Ford Motor Co., 520 F. 3d 237 (2008). Attorney Nissman is not a person qualified by knowledge, experience, skill, training, or education such that he can be appointed an expert on legal ethics of a mother son gift. Any opinions that he may hold, are no more expert than those of an ordinary juror. He brings nothing to the table that will assist.

In the instant case, Attorney Nissman has written a twenty-five (25) page report. The first seven (7) pages are a cut and paste of facts provided to him by Attorney Simpson. (Appendix I, Tr. Pg. 17 lines 13- 18, pg. 22 lines 3- 20.)  The next three (3) pages of Attorney Nissman's report are "Assumptions" of what Attorney Simpson believes he will prove and the jury will find.  In short, they are Attorney Simpson's wish list of factual findings that Attorney Nissman accepts as proof that will be adduced at trial, that were cut and pasted into his report. (Appendix I, Tr. Pg. 22 lines 21- 25, pg. 23 lines 1- 14.) Against the backdrop of information provided by

*Memorandum in Support of Motion in Limine*
*to Exclude Testimony of David M. Nissman*

_____

Attorney Simpson is the important information that was never provided to the proposed expert.

Attorney Nissman never met Ethlyn Hall, never had a conversation with her; has never spoken with her about the facts of this case; and has never read her deposition or trial testimony. (Appendix I, Tr. Pg. 13 lines 24-25, pg. 14 lines 1- 25, pg. 15 line 1). Attorney Nissman was not informed that Ethlyn Hall had accountants that prepared her tax returns, that Phyllis Hall on occasion signed returns on behalf of Ethlyn, or that Sam Hall never had anything to do with preparation of tax returns for Ethlyn Hall. Tr. (Appendix I Pg. 50 lines 2- 22). Attorney Nissman was not informed that a Virgin Islands jury heard this case and found that there was no breach of fiduciary duty, no unjust enrichment, and no fraud. He was not informed that the Third Circuit Court of Appeals affirmed the jury verdict finding no breach of fiduciary duty, no unjust enrichment and no fraud on the part of Attorney Hall or his law firm.

In <u>Nimely v. City of N.Y.,</u> 414 F. 3d 397 (2005) the Second Circuit Court of Appeals looked at the function of expert testimony and in doing so stated:

> *[E]xpert testimony that usurp[s] either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it by definition does not aid the jury in making a decision; rather, it undertakes to tell the jury what result to reach, and thus attempts to substitute the expert's judgment for the jury's.*

The opinion of Attorney Nissman impermissibly attempts to do just that; it usurps the functions of both judge and jury.

*Memorandum in Support of Motion in Limine*
*to Exclude Testimony of David M. Nissman*

Page 8

_____

Attorney Nissman does not possess any qualifications, training or experience that gives him any special expertise greater than those possessed by the jury. The jury is perfectly capable of determining the facts of the case and is capable of making specific findings that will permit the jury to decide the issues of law concerning plaintiff's claims. It is well settled that in determining the weight of testimony, the inferences to be drawn from the facts and the credibility of witnesses belongs exclusively to the jury. Aetna Life Insurance Co. v. Ward, 140 U.S. 76 (1891); United States v. Benson, 941 F.2d 598 (1991); and Wescott v. Crinklaw, 68 F.3d 1073 (1995). Attorney Nissman was not entitled to assume facts as proven.

Attorney Nissman has also failed to disclose any particular expertise that would permit the conclusion that he is an expert on legal ethics or that would permit him to instruct or opine to the jury on the law concerning the ethical considerations that may apply to mother/son gifts, where the donee is also an attorney. He is certainly not more capable than the judge to instruct the jury on the law to be applied to the instant case. Experts are not permitted to usurp the role of the trial judge in instructing the jury as to applicable law. Nimely v. City of New York, 414 F.3d. 381 (2005); Whitmill v. City of Philadelphia, 29 F. Supp. 2d. 247 (1998). It is clear that the use of expert testimony must be carefully circumscribed to assure the expert does not usurp either the role of trial judge in instructing the jury as to the applicable law or the role of the jury in applying the law to the facts. The opinions of Attorney Nissman, usurps both.

*Memorandum in Support of Motion in Limine*
*to Exclude Testimony of David M. Nissman*

_____

The case, *sub judice,* is an uncomplicated one that requires the jury to review the facts to determine if some form of legal malpractice exists. The Third Circuit Court of Appeals remanded this case for further proceedings on the estate's Tax claim, conversion claim and legal malpractice claim, finding that the District Court failed to write an opinion explaining its dismissal of those claims such that review was difficult or impossible. The issues remaining in this case have nothing to do with legal ethics. The remaining issues relate solely to the claims that required explanation.

Attorney Nissman purports to instruct the jury on the Model Rules of Professional Conduct and urges that the Model Rules provide a basis for his opinion that an ethical breach existed.  The proposed expert reaches conclusions even though the Model Rules of Professional Conduct specifically provides "violation of a rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such case that a legal duty was breached."  In fact, Paragraph 20 in the preamble to the Model Rules, instructs that the Rules "are not designed to be a basis for civil liability."  The opinion of Attorney Nissman is merely being used to advance facts asserted by plaintiff's counsel.  It is respectfully submitted that facts must be established by admissible evidence, not through the testimony of experts. Facts assumed to exist by a purported expert, under the guise of expert opinion, do nothing other than attempt to tell the jury what result to reach, and is improper.  The opinion is not helpful, is prejudicial and will not assist the trier of fact in a permissible

*Memorandum in Support of Motion in Limine*
*to Exclude Testimony of David M. Nissman*

_____

way.

An example of Attorney Nissman's attempted officious and impermissible usurpation of the function of the jury and judge is contained in his discussions of perceived ethical violations based on the obligation for an accounting and his suggestion of diminished capacity. Attorney Nissman states that he was retained only to opine as to minimum standard for an attorney's ethical violation and not to opine that a cause of action does or does not exist. (Appendix I, Tr. Pg. 65 lines 3- 22, pg. 66 lines 1- 21, pg. 67 lines 7- 21). With respect to the obligation to account, Attorney Nissman does exactly what he says he was not retained to do. He assumes a viable claim for an accounting based on assumed facts and drawing inferences from facts. Attorney Nissman invades the function of the jury in making findings based on inferences drawn. While Attorney Nissman admitted on deposition that nothing in the 2003 Ground lease placed a burden on Attorney Hall or anyone else to make an accounting he finds an ethical breach. (Appendix I, Tr. Pg. 37 lines 4- 12).

Attorney Nissman also finds an ethical breach based on his assumption of the diminished capacity of Ethlyn Hall, though he admittedly saw no medical record that supported such a conclusion and despite the fact that a Florida court found that Ethlyn Hall did not have diminished capacity. (Appendix I, Tr. Pg. 63 lines 24- 25, pg. 64 lines 1- 9, lines 13- 25 pg. 65 line 1).

Attorney Nissman possessed no evidence that Ethlyn Hall was aged and physically infirmed or otherwise not in command of her faculties when making a

*Memorandum in Support of Motion in Limine*
*to Exclude Testimony of David M. Nissman*

_____

gift to her son. The gift complained of was given in August 2007, more than three years before the original complaint was filed.  The facts also disclose that no request for an accounting was made by Ethlyn Hall between 2007 and August of 2010, though an original of the gift note was found in her home in August 2010.  Attorney Nissman ignores these facts to arrive at the conclusion of diminished capacity.

Another example of Attorney Nissman's usurpation of the function of both the judge and jury arises from a lack of recognition that Rule 1.8 relaxes the prohibition of gifts to lawyers, in Rule 1.8(c) where the "lawyer or other recipient of the gift is related to the client," as are a mother and son.  Rule 1.8(c) expressly permits gifts from a client where the client and the attorney are closely related.  According to the omitted or downplayed rule, the gift is deemed valid despite the potential for a conflict of interest.  Yet Attorney Nissman concludes without factual support and despite testimony and documents to the contrary, a breach of a minimum standard.

Attorney Nissman's opinion about an ethical violation is also unsupported by any claim asserted by Ethlyn Hall during her lifetime.  Attorney Nissman cannot point to an assertion by her of an ethical violation by Defendants before the appropriate committee of the Bar, much less in any deposition or court testimony.  In formulating his opinion, Attorney Nissman thus imagines both the assertion of a claim and then an outcome favorable to his client.

The instant motion addresses two major areas of concern with the opinion of Attorney Nissman that are illustrative of the larger problems created by it.   The

*Memorandum in Support of Motion in Limine*
*to Exclude Testimony of David M. Nissman*

_____

opinion ignores the actual issues that are to be tried in this case, and opines about the irrelevant. The opinion ignores the fact that a Virgin Islands jury has already spoken, years ago, finding no unjust enrichment, no breach of fiduciary duty and no fraud.  The Nissman opinion assumes as fact, information that is not in the record, invades the province of the jury, and seeks to impose civil liability for perceived ethical wrongs.  The opinion also impermissibly attempts to advise the jury of the consequences or remedy for claimed wrongs.  The proposed expert opinion testimony of Attorney Nissman should be excluded, in its entirety.

## OPINIONS OF NISSMAN DO NOT FIT

The issues that remain for resolution in this case do not involve the breach of an ethical standard. The opinion of the U.S. Court of Appeals For The Third Circuit makes clear that the ethical issues that previously existed in this case were resolved by a Virgin Islands jury. The Court affirmed "the judgment against the Estate on its breach of fiduciary duty, fraud, and unjust enrichment claims." (Exhibit "C" – ECF #476-1).

Count I of the amended complaint alleged a claim for breach of fiduciary duty arising out of attorney client relationship. This count was detailed as to what was alleged and what was tried before the jury. The count alleged that defendants breached their fiduciary duty to Ethlyn Hall. Paragraph 58 of the amended complaint stated that the duty was breached:

*Memorandum in Support of Motion in Limine*
*to Exclude Testimony of David M. Nissman*

_____

a.   by failing to maintain adequate records of all transactions entered into on behalf of Ethlyn Louise Hall;

b.   by failing to provide Ethlyn Louise Hall with an accounting of all monies collected and expended on her behalf;

c.   by failing to maintain communication with Ethlyn Louise Hall;

d.   by altering the terms of or canceling contracts to which Ethlyn Louise Hall was a party without consulting her and obtaining her consent beforehand;

e.   by entering into agreements with Ethlyn Louis Hall with regard to her assets that benefitted him personally (self dealing);

f.   by failing to collect monies due Ethlyn Louise Hall under the terms of the under the terms of the 2003 Ground Lease;

g.   by failing to account for funds collected under the terms of the of the 2003 Ground Lease and the 2008 Lease;

h.   by failing either to structure Ethlyn Louise Hall's financial transactions to avoid unnecessary tax obligations or to obtain appropriate guidance from a tax expert so that Ethlyn Louise Hall's tax obligations could be minimized;

i.   by failing to keep Ethlyn Louise Hall informed as to the actions Defendant Hall took that were purportedly on behalf of Ethlyn Louise Hall so that Ethlyn Louise Hall could make appropriate financial and tax plans;

j.   by failing to properly safeguard Ethlyn Louise Hall's property;

k.   by failing to act solely in the interest of Ethlyn Louise Hall; and


A Virgin Islands jury found against the Estate on these claims, and the U.S. Court of Appeals affirmed.

Count II of the amended complaint alleged a "breach of fiduciary duty arising out of power of attorney". This count was detailed as to what was alleged and what was tried before the jury. Paragraph 64 alleged that Samuel Hall breached his fiduciary duty to Ethlyn Hall:

a.   by failing to maintain adequate records of all transactions entered into on behalf of Ethlyn Louise Hall;

b.   by failing to provide Ethlyn Louise Hall with an accounting of all monies collected and expended on her behalf;

*Memorandum in Support of Motion in Limine*
*to Exclude Testimony of David M. Nissman*

Page 14

_____

    c.     by failing to maintain communication with Ethlyn Louise Hall;

    d.     by altering the terms of or canceling contracts to which Ethlyn Louise Hall was a party without consulting her and obtaining her consent beforehand;

    e.     by entering into agreements with Ethlyn Louis Hall with regard to her assets that benefitted him personally (self dealing);

    f.     by failing to collect monies due Ethlyn Louise Hall under the terms of the under the terms of the 2003 Ground Lease;

    g.     by failing to account for funds collected under the terms of the of the 2003 Ground Lease and the 2008 Lease;

    h.     by failing either to structure Ethlyn Louise Hall's financial transactions to avoid unnecessary tax obligations or to obtain appropriate guidance from a tax expert so that Ethlyn Louise Hall's tax obligations could be minimized;

    i.     by failing to keep Ethlyn Louise Hall informed as to the actions Defendant Hall took that were purportedly on behalf of Ethlyn Louise Hall so that Ethlyn Louise Hall could make appropriate financial and tax plans;

    j.     by failing to properly safeguard Ethlyn Louise Hall's property;

    k.     by failing to act solely in the interest of Ethlyn Louise Hall; and

    l.     by failing to provide necessary funds for Ethlyn Louise Hall's care and living expenses.

A Virgin Islands jury found against the Estate on these claims, and the U.S. Court of Appeals affirmed.

What should be clear from the verdict of the jury, and the affirmance of the appellate court, is that the opinions of Attorney Nissman do not fit the issues presented by this case and the claims that are now existing. There are no ethical issues to be tried. Those issues were resolved by jury verdict long ago, and affirmed by the court of appeals.

Attorney Nissman admits that his opinion should not be taken to mean that a viable claim for conversion, malpractice of any other claim exists. ( Appendix I. Tr. Pg. 65 lines 3- 22, pg. 66 lines 1- 21, pg. 67 lines 7- 21. )  The opinions of Attorney

*Memorandum in Support of Motion in Limine*
*to Exclude Testimony of David M. Nissman*

_____

Nissman are irrelevant in view of the issues remaining and would prove both

confusing and unhelpful to the trier of fact. The opinions of Attorney Nissman must

be excluded.


KING & KING LAW, P.C.


Dated:  July 2, 2026                    /s/*Robert L. King, Esq.*
                                        ROBERT L. KING, ESQ.
                                        5043 Norre Gade Ste. 2
                                        St. Thomas, VI 00802
                                        (340) 714-4040
                                        rlking@attyking.com
                                        Attorney for Defendant

## CERTIFICATE OF SERVICE

It is hereby certified that on the 2nd day of July, 2026 I electronically filed the

foregoing pleading pursuant to Rule 26.1 with the Clerk of the Court using the

CM/ECF system, which will send a notification of such filing (NEF) to the following:

Andrew C. Simpson, Esq. (VI Bar No 451)
2191 Church Street, Suite 5
Christiansted, St. Croix, VI  00820


*/s/ Robert L. King, Esq.*