NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1564

_____

ELSA HALL, As Personal Representative of the
Estate of Ethlyn Louise Hall and as Successor
Trustee of the Ethlyn Louise Hall Family Trust,
Appellant

v.

SAMUEL HALL; HALL & GRIFFITH, PC

_____

On Appeal from the District Court of the
Virgin Islands
(D.C. Nos. 3-11-cv-054 and 3-13-cv-095)
District Judge:  Hon. Curtis V. Gomez

_____

On Remand from the Supreme Court of the United States
On March 27, 2018

Submitted on Remand:  May 1, 2018

Before:  CHAGARES, JORDAN and HARDIMAN, *Circuit Judges*.

(Filed:  September 24, 2018)
_____

Andrew C. Simpson   [ARGUED]
Andrew C. Simpson Law Offices
2191 Church St. – Ste. 5
Christiansted, VI   00820
        *Counsel for Appellant*

Samuel H. Hall, Jr.
Marie E. Thomas-Griffith  [ARGUED]
Hall & Griffith
No. 91B Solberg
P.O. Box 305587
St. Thomas, VI  00803
       *Counsel for Appellees*

_____

OPINION[*]

_____

JORDAN, *Circuit Judge*.

We are required to address again the Hall family's feud over their mother's estate.

Ethlyn Hall, an elderly landowner in the Virgin Islands, had filed suit against her son,

Samuel Hall, when she grew dissatisfied with his actions as her attorney.  When she died,

one of her daughters, Elsa Hall, became the personal representative of her estate (the

"Estate") and continued to press Ethlyn's claims against Samuel.

Samuel brought claims of his own against Elsa in a separate proceeding.  He

argued that Elsa had poisoned his relationship with his mother, which caused him serious

emotional distress.  The Estate's claims and Samuel's claims were consolidated and tried

together.  A jury rejected the Estate's claims and rendered a two million dollar verdict in

Samuel's favor on his claim for emotional distress.  The District Court entered separate

judgments on those verdicts.

_____

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

The Estate appealed the judgment with respect to its claims and we initially dismissed that appeal on jurisdictional grounds. The Supreme Court corrected us and now the appeal returns to our Court for a decision on the merits. The Estate argues that the District Court erred when it dismissed several claims before the trial, consolidated the cases, refused to admit several documents into evidence, and excluded certain testimony as hearsay. Samuel of course opposes those arguments, and he has also filed a motion to strike the Estate's brief and appendix for relying on extra-record materials from a separate state court proceeding. Because we conclude that the District Court erred in dismissing certain of the Estate's claims, we will vacate the dismissal of those claims and remand for further proceedings. We will, however, affirm the District Court's judgment against the Estate on its other claims. We will also deny Samuel's motion to strike.

## I.  BACKGROUND[1]

Ethlyn Hall had once been close to her son Samuel, and he had provided many hours of free legal work for her. The two had a falling-out, however, over his efforts to develop one of the parcels of land that she owned on St. John. Ethlyn claimed that Samuel had taken advantage of her and of the two power-of-attorney documents she signed in his favor when he renegotiated a lease and received a large cash payment in connection with the construction of a home he said she had agreed to fund for him.

---

[1] The facts in this case are hotly contested and complex. Although quotation marks are not used, much of the language in this background section may look familiar because it is a restatement of what we recited in our previous opinion, *Hall v. Hall*, 679 F. App'x 142, 143-44 (3d Cir. 2017), *rev'd*, 138 S. Ct. 1118 (2018).

3

Ethlyn cut off contact with her son after learning of that transaction, which resulted in a $1,070,000 capital gain taxable to her at a rate of 15% – again that Samuel, through his law firm Hall & Griffith, P.C., reported to the Internal Revenue Service ("IRS") on a Form 1099-S. As her health deteriorated, Ethlyn moved to Florida to live with her daughter Elsa. She altered her trust to designate Elsa as the sole successor trustee and two of her grandchildren as the sole beneficiaries. Ethlyn then filed suit in the District Court against Samuel and his law firm, in both her individual capacity and as trustee of her *inter vivos* trust. Those claims alleged breaches of fiduciary duties, fraud, unjust enrichment, legal malpractice, and conversion.[2] The breach of fiduciary duty claims included a request for damages for the tax consequences flowing from Samuel's and/or his law firm's actions (the "tax liability claims").

Ethlyn's claims were in suspense for some time pending the resolution of an ultimately unsuccessful motion to dismiss that Samuel had filed. Before that motion was resolved, Ethlyn died and Elsa took over as the personal representative of the Estate and the trust's sole trustee. Samuel then filed a separate suit in the District Court, naming Elsa as defendant in her individual capacity. He argued that she had harmed him by

---

[2] The Amended Complaint alleged that Samuel and/or his law firm had breached their fiduciary duties as Ethlyn's attorneys; that Samuel had breached his fiduciary duties by abusing his power of attorney; that Samuel and/or his law firm committed legal malpractice; that Samuel improperly converted Ethlyn's property for his own benefit; that Samuel and/or his law firm had refused to return to Ethlyn her legal files (conversion); that Samuel committed fraud by deceiving Ethlyn about the lease renegotiation; and that Samuel had been unjustly enriched through the proceeds of the lease renegotiation. Ethlyn also demanded an accounting, a constructive trust, and an equitable lien on Samuel's property.

turning their mother against him, surreptitiously taking Ethlyn away from the Virgin Islands without informing other family members, and keeping her hidden from loved ones until her death.[3]

Samuel's claims against Elsa were consolidated for all purposes with the Estate's claims against him.[4] The Estate moved to sever, arguing that consolidation would confuse the jury and be prejudicial to the Estate,[5] but the District Court did not respond to the motion, nor did it explain its decision to try the claims together.

Most of the claims brought by both parties, including the Estate's tax liability, legal malpractice, and conversion claims, were dismissed before trial on a variety of grounds or, for some, without a stated justification. As a result, the only claims that went to the jury were the Estate's fraud, unjust enrichment, and breach of fiduciary duty claims, and Samuel's intentional infliction of emotional distress claim.

At trial, the District Court excluded – or was at least perceived as having excluded – several pieces of evidence. First, it took "under advisement" whether two documents, one a letter from Samuel to his mother disclosing the $1,070,000 taxable capital gain and

---

[3] His claims sought relief for intentional infliction of emotional distress, undue influence, breach of fiduciary duty, fraud, tortious interference, and conversion.

[4] When the cases were first consolidated, Samuel had counterclaims and third party claims in the Estate's suit that substantially overlapped with the claims in his separate proceeding against Elsa. Those claims were dismissed before the case went before the jury.

[5] Samuel opposed the motion to sever by pointing out that the claims had been consolidated for over a year without complaint and arguing that there were common witnesses and issues.

5

the other a Form 1099-S disclosing that capital gain to the IRS, were admissible, but it never provided a ruling.  (App. at 381, 383, 386, 388, 482, 926-31.)  Second, though the record is not entirely clear, the Court supposedly excluded certain testimony as hearsay, including Elsa's testimony that Ethlyn instructed her not to tell Samuel where she (Ethlyn) was or how to communicate with her.

The jury rejected all of the Estate's claims.  It also found Elsa liable for intentional infliction of emotional distress and awarded Samuel $500,000 in compensatory damages and $1,500,000 in punitive damages.  The District Court entered separate judgments on the two sets of claims, and the Estate immediately filed this appeal concerning its claims against Samuel.

With regard to Samuel's claims, Elsa filed a motion for a directed verdict or, in the alternative, a new trial.  The Court concluded that the jury might have relied on a legally untenable basis for finding intentional infliction of emotional distress, so it ordered a new trial.  Samuel's claims are thus not before us on this appeal.  With the Estate's appeal before us again, we turn to the merits.

## II.    DISCUSSION[6]

The parties raise several issues on appeal.  First, Samuel asks us to strike the Estate's brief and appendix based on its extra-record references to state court proceedings.  Second, the Estate challenges the pretrial dismissal of its tax liability, legal

---

[6] The District Court had diversity jurisdiction under 28 U.S.C. § 1332.  As the Supreme Court recently held, we have jurisdiction pursuant to 28 U.S.C. § 1291.  *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

malpractice, and conversion claims.  Third, the Estate challenges the District Court's decision to consolidate its case with Samuel's case.  Fourth, it argues that the District Court abused its discretion when it effectively excluded several documents by refusing to rule on their admissibility.  Fifth and finally, the Estate contends that the District Court erred when it excluded certain testimony as hearsay.  We address each of the issues seriatim.

### A.      Motion to Strike

Samuel moves to strike the Estate's brief and appendix because the brief references, and the appendix includes, documents from a Florida probate proceeding.  In Samuel's view, those matters are not rightly of record here, but he is materially mistaken since the record on appeal includes "the original papers and exhibits filed in the district court[,]" Fed. R. App. P. 10(a)(1), and the judgment of the Florida court was part of the record in the District Court.  Other references and documents related to the Florida probate proceedings are of no practical significance because the District Court did not allow them into evidence and they are not probative of the specific issues on appeal, so we have not relied on them.

Samuel also tries to use his motion to strike as a way to get some extra opposition briefing.  He conducts a ten-page point-by-point analysis detailing why he believes certain factual assertions in the Estate's opening appellate brief are not supported by the record.  It is a transparent attempt to skirt the briefing limits imposed by the appellate rules, Fed. R. App. P. 32(a)(7), and thus is plainly out of order.  We will deny the motion.

B.    Dismissal of the Estate's Tax Liability, Legal Malpractice, and
      Conversion Claims[7]

The Estate argues that the District Court improperly dismissed its tax liability,

legal malpractice, and conversion claims.  We turn first to the tax liability claims.  The

District Court dismissed the Estate's damages request for the tax consequences arising

out of Samuel's and his law firm's alleged breach of fiduciary duty because it believed

that the tax liability claims were not ripe until the taxing authority had determined the

amount of tax due, or, as the Court put it, until the tax liability was "fixed[.]"  (App. at

256-57.)  The Estate contends that the Court erred when it dismissed those claims

because they were ripe and the tax liability was fixed under 26 U.S.C. § 6651, given the

fact that income taxes are due annually.  Samuel counters that the District Court's

dismissal of the tax liability claims was proper in light of our decision in *Birdman v.*

*Office of the Governor*, 677 F.3d 167 (3d Cir. 2012).

In *Birdman*, the plaintiffs requested an order compelling the Virgin Islands Bureau

of Internal Revenue to issue a determination as to the source of income for tax owed.  *Id.*

at 172.  We said there that the claim was not ripe because the Virgin Islands had not

made a formal determination of any tax in fact owed; it had only sent automated notices

reflecting self-reported taxes due, based on the plaintiffs' assertions in their own tax

---

[7] A motion to dismiss under Rule 12(b)(6) is only appropriate "when it appears to a certainty that no relief can be granted under any set of facts which could be proved." *Nichole Med. Equip. & Supply, Inc. v. TriCenturion, Inc.*, 694 F.3d 340, 350 (3d Cir. 2012).  We review *de novo* the grant of a motion to dismiss.  *Fallon v. Mercy Catholic Med. Ctr. of Se. Pa.*, 877 F.3d 487, 489 n.5 (3d Cir. 2017).

returns. *Id.* at 173. We noted, however, that our holding was based on "the unique context of [that] case." *Id.* at 174.

Unlike the claim in *Birdman*, the Estate's claims are ripe. The tax liability claims here do not involve a suit against a taxing authority seeking to compel a declaration of liability, which was the narrow and unique context in which we decided *Birdman*. Instead, the claims here are more analogous to the claim at issue in *Eshelman v. Agere Systems, Inc.*, 554 F.3d 426 (3d Cir. 2009). In *Eshelman*, the plaintiff sought, among other things, compensation for the tax consequences of a back pay award based upon an economic expert's analysis of the tax-effect of the back pay, the applicable tax rate, and the plaintiff's income tax returns for the appropriate years. *Id.* at 442. We held that it was appropriate for a plaintiff to receive such "compensation for the negative tax consequences of … [the] back pay award." *Id.* at 443. The same holds true here because the Estate seeks compensation for the tax consequences of Samuel's alleged breach of fiduciary duty. Accordingly, we will vacate the District Court's dismissal of the tax liability claims.

The Estate contends that the District Court dismissed the conversion and legal malpractice claims because the Court thought that they did not survive Ethlyn's death. According to the Estate, that conclusion was erroneous because those claims do survive, and Samuel does not argue otherwise on appeal. Instead, Samuel contends that the District Court dismissed those claims on other grounds. The Court said that it would issue a decision justifying the dismissal, but it never did. Without an explanation from the District Court, it is difficult for us to ascertain the reason for the dismissal. Thus, we

9

will vacate the dismissal of those claims as well and order the Court to reconsider whether the legal malpractice and conversion claims survive Ethlyn's death. The Court should provide the reasons for its conclusion.

### C.     Case Consolidation[8]

The Estate next challenges the District Court's decision to consolidate the cases for trial. It argues that allowing the jury to hear Samuel's claims against Elsa in her personal capacity tainted the jury with respect to the Estate's claims, brought by Elsa in her representative capacity. Samuel, of course, disagrees.

There were clear benefits to consolidation, including judicial economy and efficiency. Many of the witnesses required to testify in both trials (including Elsa and Samuel themselves) overlapped; Samuel's defense to the Estate's claims overlapped with his claims against Elsa to the extent that both required showing that Elsa improperly influenced their mother; and Elsa's defense to Samuel's claims overlapped with the Estate's claims to the extent both required showing their mother's negative reaction to Samuel's dealings as her attorney. Moreover, the District Court was proactive in attempting to mitigate any potential confusion by clarifying for the jury the difference between Elsa's role as representative for the Estate and her role as an individual litigant, as well as by allowing the parties, upon their request, to clear up any confusion.

---

[8] We review a district court's decision to consolidate cases for an abuse of discretion, *Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 100 (3d Cir. 2015), and will only reverse "upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant[,]" *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817-18 (3d Cir. 1982) (quoting *Eli Lilly & Co. v. Generix Drug Sales, Inc.*, 460 F.2d 1096, 1105 (5th Cir. 1972)).

The Estate nevertheless contends that it was prejudiced by the disadvantages associated with consolidation. It argues that Samuel "had virtually no defense to the breach of fiduciary duty claims[,]" and that the Estate's claims were only denied by the jury because the jurors "did not like Elsa Hall." (Opening Br. at 34, 36.) In the Estate's view, the jury was unable to set aside the negative feelings it harbored against Elsa individually when considering the Estate's claims, which were brought by Elsa in her representative capacity. We are unpersuaded by the Estate's speculations and see no sound reason to conclude that the District Court abused its discretion in consolidating the cases.[9]

### D.    Exclusion of Evidence[10]

The Estate argues that the District Court erred when it refused to rule on the admissibility of two exhibits. The first exhibit was a letter from Samuel, on his law firm's letterhead, informing his mother of the $1,070,000 taxable capital gain. The second was an Internal Revenue Service Form 1099-S filed by Samuel's law firm on behalf of Ethlyn and reporting $1,070,000 in proceeds from real estate transactions. Each

---

[9] The Estate also argues that it was denied the opportunity to provide an opening statement. Even if that were true, however, the consolidated nature of the cases did not cause the denial. Nor are its challenges to the District Court's refusal to admit certain documents or alleged hearsay statements matters of relevance to the consolidation issue. *See infra* Subsections II.D. & II.E. On remand, the Estate can seek whatever procedural safeguards it thinks necessary to protect its rights, and the District Court is free again to exercise its discretion.

[10] We review a district court's decision to admit or exclude evidence for abuse of discretion. *In re Flat Glass Antitrust Litig.*, 385 F.3d 350, 372 (3d Cir. 2004).

11

time the Estate attempted to move those documents into evidence, the Court repeatedly said it was "under advisement[,]" effectively excluding them by refusing to rule on their admissibility. (App. at 381, 383, 386, 388, 482, 926-31.) We do not decide, however, whether it was an abuse of discretion to exclude those documents because any error was harmless. *See Egan v. Del. River Port Auth.*, 851 F.3d 263, 276 (3d Cir. 2017) ("[T]he erroneous exclusion or admission of evidence will not require reversal if it is highly probable that the error did not contribute to the judgment." (citation and internal quotation marks omitted)). We discern no prejudice from the alleged error because the District Court allowed the parties to speak about the documents at length and to ask detailed questions about their contents.

### E. Hearsay[11]

Last, the Estate contends that the District Court erred when it refused to admit testimony of certain things Ethlyn supposedly said to Elsa. But the parties have not pointed us to, and we cannot identify, any place in the record where the District Court excluded what Elsa wanted to say about Ethlyn instructing her not to tell Samuel where she (Ethlyn) was or how to communicate with her. Although the Estate points to what it calls "an unusually strict interpretation of the hearsay rules" as its proof that the District Court excluded the specific testimony at issue (Opening Br. at 39), we will not construe the District Court's general statements about the hearsay rules in reference to different

---

[11] Again, we review a district court's decision to exclude evidence, including purported hearsay statements, for abuse of discretion. *Flat Glass*, 385 F.3d at 372.

12

testimony as a ruling excluding the particular proffer of testimony that the Estate now

points to on appeal.  In short, we see no erroneous hearsay ruling.

## III.   CONCLUSION

For the foregoing reasons, we will deny Samuel's motion to strike and will affirm

the judgment against the Estate on its breach of fiduciary duty, fraud, and unjust

enrichment claims, but we will vacate the District Court's dismissal of the tax liability,

legal malpractice, and conversion claims and remand for further proceedings on those

claims.