IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| ELSA HALL, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ETHLYN LOUISE HALL AND AS SUCCESSOR TRUSTEE OF THE ETHLYN LOUISE HALL FAMILY TRUST, <br><br> PLAINTIFF, <br><br> V. <br><br> SAMUEL H. HALL, JR. AND HALL & GRIFFITH, P.C., <br><br> DEFENDANTS. | CIVIL NO. 3:11-CV-54 |
| SAMUEL H. HALL, JR., <br><br> PLAINTIFF, <br><br> V. <br><br> ELSA HALL, <br><br> DEFENDANT. | CIVIL NO. 3:13-CV-95 |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S
OMNIBUS MOTION IN LIMINE**

THIS MATTER is before the Court on Plaintiff's Omnibus Motion in Limine. Having considered the motion, any opposition thereto, and the record, and for good cause shown, it is hereby ORDERED that the motion is GRANTED as follows:

**I. Testamentary and mental capacity.** Defendants are precluded from offering evidence or argument that Ethlyn Louise Hall lacked testamentary or mental capacity, or was subject to undue influence, in connection with the November 10, 2010 trust and will, the later Florida will, or the 2007–2008 powers of attorney, assignment, and related instruments. This order does not preclude Plaintiff from offering evidence of Samuel Hall's contemporaneous perception of Ethlyn Hall's cognitive decline for the non-hearsay purpose of establishing his knowledge and the professional duties that

knowledge triggered, subject to a limiting instruction under Federal Rule of Evidence 105.

**II. Attacks on Elsa Hall's character and conduct.** Defendants are precluded from (1) offering character or reputation evidence, or evidence of specific instances of Elsa Hall's conduct—including her leasing, banking, and power-of-attorney dealings—to suggest that she acted in conformity with a bad character; (2) arguing that Elsa Hall's own alleged conduct bars or diminishes Plaintiff's claims (whether framed as tu quoque or unclean hands), that theory being one for the Court and unsupported on these facts; and (3) offering evidence or argument relevant only to the intentional-infliction-of-emotional-distress claim asserted in Civil No. 3:13-cv-00095, which is not being tried in this action. This order does not bar cross-examination of Elsa Hall otherwise permitted by Federal Rules of Evidence 607, 608(b), and 613.

**III. Appeals to local or regional bias.** Defendants and their counsel are precluded from arguing, suggesting, or eliciting testimony inviting the jury to favor Samuel Hall as a local Virgin Islander, or to disfavor Elsa Hall as an out-of-territory "outsider," including any reprise of the "sometimes justice is just us" theme.

**ROBERT A. MOLLOY**
**Chief Judge**

2