**IN DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| ELSA HALL, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ETHLYN LOUSIE HALL and AS SUCCESSOR TRUSTEE OF THE ETHLYN LOUISE HALL FAMILY TRUST, <br><br>                             Plaintiff <br><br> vs. <br><br> SAMUEL H. HALL, JR, and HALL & GRIFFITH, P.C. <br><br><br>                          Defendants. | Civil No. 3:11-CV-54 <br><br> Action for Damages and for an Accounting <br><br> JURY TRIAL DEMANDED |

**TRIAL MEMORANDUM OF DEFENDANTS
SAMUEL H. HALL, JR. AND HALL & GRIFFITH, P.C.**

On September 24, 2018, the United States Court of Appeals for the Third Circuit affirmed the judgment entered against the Estate of Ethlyn Louise Hall (the "Estate") on its claims for breach of fiduciary duty, fraud, and unjust enrichment. The Third Circuit vacated the dismissal of the Estate's legal malpractice, conversion, and tax liability claims and remanded "for further proceedings on those claims." *Hall v. Hall*, 753 F. App'x 96, 103–04 (3d Cir. 2018).

As to legal malpractice and conversion, the panel could not determine whether the District Court had dismissed the claims because they did not survive Ethlyn Hall's death or on some other, unstated ground. It therefore directed this Court to "reconsider whether the legal malpractice and conversion claims survive Ethlyn's death" and explain its ruling. *Id.* at 101–02. As to tax liability, the panel held that the claim was ripe because the Estate alleged an existing tax consequence rather than a contingent future injury. *Id.* at 100–01. In doing so, the panel relied

*Hall v. Hall*, No. 3:11-CV-54
**TRIAL MEMORANDUM OF DEFENDANTS**
Page 2

on *Eshelman v. Agere Systems, Inc.*, 554 F.3d 426, 442 (3d Cir. 2009), where the proof included an economic expert's analysis of the tax effect, the applicable tax rate, and the taxpayer's returns for the relevant years.

This memorandum addresses: (I) the scope of the remand and this Court's authority to resolve all open grounds for judgment; (II) the survival of the legal malpractice and conversion claims; (III) the untimeliness of the legal malpractice claim and negligence; (IV) the Estate's failure to present admissible evidence sufficient to support the legal malpractice and tax liability claims; (V) the independent defects in the conversion claim; and (VI) the preclusive effect of the jury's prior verdict. Each remaining claim fails as a matter of law.

**UNDISPUTED FACTS**

There are certain facts that are undisputed in this case. For instance, it is undisputed that:

1.  Ethlyn Hall was born on St. John, U.S. Virgin Islands, on June 6, 1916, and resided there until April 23, 2011.

2.  Ethlyn Hall was the mother of Phyllis Hall Brin, Samuel Hall, and Elsa Hall and the grandmother of Yassin Hall.

3.  On April 19, 2002, Ethlyn Hall conveyed: (a) Parcel 17-2 Peter Bay to Elsa Hall; (b) Parcel 17-4 Peter Bay to Phyllis Hall Brin; (c) Parcel 17-5 Peter Bay to Samuel Hall; and (d) Parcel 17-6 Peter Bay to Yassin Hall.

4.  Ethlyn Hall owned Parcel 17-7 and, on January 23, 2003, entered into a 50-year ground lease with the Andrews St. John Trust as tenant. (Ex. A.)

5.  The 2003 ground lease provided benefits to Phyllis Hall Brin and Yassin Hall, including the construction of cottages on Parcels 17-4 and

*Hall v. Hall*, No. 3:11-CV-54
**TRIAL MEMORANDUM OF DEFENDANTS**
Page 3

17-6 at the tenant's expense and rights to seek injunctive relief or specific performance under the lease.

6. The tenant later requested an extension of the lease term after the anticipated construction costs increased.

7. On August 3, 2007, Ethlyn Hall signed a letter authorizing Samuel Hall to redirect money designated for completion of the cottage on Parcel 17-4 to completion of the home on Parcel 17-5. (Ex. B.)

8. Acting under Ethlyn Hall's power of attorney, Samuel Hall negotiated a new ground lease dated December 2, 2008, with the Talton Family Trust as tenant. Ethlyn Hall authorized the transaction through the power of attorney and related transaction documents.

9. The 2003 ground lease remained in effect while the closing of the 2008 lease was held in escrow until February 2010.

10. The closing documents reflect that, between 2003 and February 23, 2010, the tenant funded improvements totaling $1,070,000. Hall & Griffith, P.C. reported that amount to the Internal Revenue Service on a Form 1099-S and disclosed the reporting to Ethlyn Hall by letter. *See Hall*, 753 F. App'x at 100.

11. The home on Parcel 17-5 was completed, and a certificate of occupancy was issued in 2010.

12. On November 10, 2010, Ethlyn Hall formed a living trust and transferred her assets, including Parcel 17-7, to the Ethlyn Louise Hall Family Trust.

13. The cottage on Parcel 17-6 was substantially completed, and a certificate of occupancy was issued in October 2011

14. Ethlyn Hall died on May 5, 2012. Her testimony had not been preserved by deposition or at trial.

15. Following a consolidated jury trial, the jury rejected the Estate's claims for breach of fiduciary duty, fraud, and unjust enrichment, and the District Court entered judgment on the verdict. 16. On September 24, 2018, the Third Circuit affirmed that judgment, vacated the dismissal of the Estate's tax liability, legal malpractice, and conversion claims, and remanded "for further proceedings on those claims." *Hall*, 753 F. App'x at 103–04.

*Hall v. Hall*, No. 3:11-CV-54
**TRIAL MEMORANDUM OF DEFENDANTS**
Page 4

## LEGAL ISSUES AND THE SCOPE OF THE REMAND

The remand does not give the Estate a second chance to relitigate claims that remain legally and evidentially deficient. The Third Circuit returned the legal malpractice, negligence, conversion, and tax liability claims for further proceedings because the basis for the prior dismissal of certain claims was unclear and the tax liability claim was ripe for adjudication. The Court has since ruled that the legal malpractice and conversion claims survived Ethlyn Hall's death, subject to Defendants' preserved objection. That ruling resolves survival only. It does not cure the independent defects in the remaining claims or foreclose this Court from entering judgment on those grounds.

Those defects are dispositive. The legal malpractice and negligence claims are time-barred. The legal malpractice claim is also unsupported by competent proof of the scope of representation, reliance, causation, or damages. The tax liability claim fails because Plaintiff cannot prove that Ethlyn Hall relied on Defendants for tax advice or would have acted differently had other advice been given. The conversion claim fails because Plaintiff cannot establish a wrongful taking, Ethlyn Hall's ownership or immediate right to possession, or identifiable property subject to conversion. The jury's final verdict independently bars relitigation of the same underlying issues. The remand therefore leaves no basis for these claims to proceed to trial.

**I.     THE MANDATE PERMITS THIS COURT TO RESOLVE ALL OPEN GROUNDS FOR JUDGMENT.**

*Hall v. Hall*, No. 3:11-CV-54
**TRIAL MEMORANDUM OF DEFENDANTS**
Page 5

The Third Circuit's mandate does not confine this Court to the survival question. The panel vacated the dismissal of the legal malpractice, conversion, and tax liability claims and remanded "for further proceedings on those claims." *Hall*, 753 F. App'x at 103–04. That disposition reopened the claims and returned them to this Court for resolution on any ground not foreclosed by the appellate decision.

The federal mandate rule requires a district court to follow matters decided expressly or by necessary implication. It does not bar consideration of issues the appellate court left open. *Bankers Tr. Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949–50 (3d Cir. 1985). A district court therefore remains free to address any issue not expressly or implicitly resolved on appeal, so long as its ruling is consistent with the mandate. *Id.*; *In re Chambers Dev. Co.*, 148 F.3d 214, 225 (3d Cir. 1998); *Skretvedt v. E.I. DuPont de Nemours*, 372 F.3d 193, 203–04 n.14 (3d Cir. 2004). The mandate rule prevents departure from an appellate ruling. It does not transform appellate silence into one.

The Third Circuit did not decide the statute-of-limitations defense, the evidentiary sufficiency of the remaining claims, the Estate's right to possess the property allegedly converted, or the preclusive effect of the jury's verdict. Nor did it reject any of those grounds. The panel vacated because the District Court had not stated the basis for the prior dismissal and therefore left no ruling the panel could review. *Hall*, 753 F. App'x at 103–04. Its discussion of survival explains the need for remand. It does not limit the Court to that issue.

*Hall v. Hall*, No. 3:11-CV-54
<u>TRIAL MEMORANDUM OF DEFENDANTS</u>
Page 6

Virgin Islands remand decisions reinforce the same distinction. A case remand returns the matter for further proceedings, while a record remand merely requests clarification or additional findings without disturbing the ruling under review. *Hodge v. Bluebeard's Castle, Inc.*, 62 V.I. 671, 685 (V.I. 2015); *Hodge v. McGowan*, 50 V.I. 296, 313 (V.I. 2008). Here, the Third Circuit vacated the dismissals. It did not retain jurisdiction or request an explanation of an otherwise intact judgment.

The mandate therefore permits this Court to resolve every open ground for judgment presented here. It should do so now.

## II.    THE COURT HAS RESOLVED THE SURVIVAL QUESTION; DEFENDANTS PRESERVE THEIR OBJECTION.

The Third Circuit directed this Court on remand to "reconsider whether the legal malpractice and conversion claims survive Ethlyn's death" and to "provide the reasons for its conclusion." *Hall*, 753 F. App'x at 101–02. The Court has now done so.

On January 30, 2026, the Court found that "both the legal malpractice claim and the conversion claim are based upon the monies received from the lease of Parcel 17-7 Estate Peter Bay entered into by Samuel Hall on behalf of Ethlyn Hall," and that the claims, "while sounding in tort, are asserted against the property of Ethlyn Hall that is now part of her estate and are restitutionary in nature." (ECF No. 523.) On that basis, the Court held that "the claims survive Ethlyn Hall's death, and Plaintiff may proceed on the claims against Defendants." *Id.*

*Hall v. Hall*, No. 3:11-CV-54
**TRIAL MEMORANDUM OF DEFENDANTS**
Page 7

Defendants respectfully preserve their position that 5 V.I.C. § 77 and 15 V.I.C. § 601 do not extend to common-law tort claims seeking purely economic damages. They further preserve their objection to applying the Court's "restitutionary in nature" rationale to the legal malpractice claim. Legal malpractice is a professional negligence claim seeking compensatory damages. It does not assert a right to recover specific property or identifiable proceeds, and it does not become restitutionary merely because the alleged damages arise from a transaction involving property or funds. The nature of the claim turns on the right asserted and the remedy sought, not the subject matter from which the alleged loss arose.

The Estate separately pleaded unjust enrichment, the restitutionary claim through which it sought to recover benefits allegedly wrongfully retained. It tried that claim to a jury and lost, and the resulting judgment is final and was affirmed on appeal. Characterizing the legal malpractice claim as restitutionary for survival purposes imports into that claim the nature of a separate cause of action that is no longer in the case. It also erases the statutory distinction on which survival turns. Under that reasoning, virtually any economic tort could be characterized as restitutionary whenever the claimed damages can be traced to identifiable property, money, or a transaction. That would allow the character of the alleged loss to override the character of the cause of action and extend survival beyond the limits provided by 5 V.I.C. § 77 and 15 V.I.C. § 601.

*Hall v. Hall*, No. 3:11-CV-54
**TRIAL MEMORANDUM OF DEFENDANTS**
Page 8

Defendants therefore maintain that the Court's restitutionary rationale does not support survival of the legal malpractice claim. The Court has resolved the survival issue, however, and Defendants proceed under its ruling that both claims survived Ethlyn Hall's death.

That ruling resolves survival only. It does not establish liability or relieve Plaintiff of proving the elements of either claim. As shown below, the legal malpractice claim is time-barred and unsupported by competent evidence of causation or damages; the tax liability claim lacks proof of any recoverable tax injury; the conversion claim fails for lack of ownership, immediate possession, or identifiable property; and the jury's prior verdict independently bars relitigation of the issues underlying the legal malpractice and conversion claims.

## III. THE LEGAL MALPRACTICE AND NEGLIGENCE CLAIMS ARE TIME-BARRED.

The Estate's legal malpractice and negligence claims are separate counts, but both sound in tort and are subject to the two-year limitations period. *Moorehead v. Miller*, 102 F.R.D. 834, 836 (D.V.I. 1984); *Simmons v. Ocean*, 544 F. Supp. 841, 843 (D.V.I. 1982); *Ingvoldstad v. Estate of Young*, 19 V.I. 115, 124–25 (D.V.I. 1982); *Arlington Funding Servs., Inc. v. Geigel*, 51 V.I. 118, 128 (V.I. 2009) ("The statute of limitations claim for negligence in the Virgin Islands is two years ...").

Under the discovery rule, a claim accrues when the plaintiff knows or reasonably should know that she has been injured and that another party's conduct caused the injury. *Burt v. Lockheed Martin Corp.*, 79 V.I. 801, 812–15 (V.I. 2024);

*Santiago v. V.I. Hous. Auth.*, 57 V.I. 256, 273–74 (V.I. 2012). The inquiry is objective. The limitations period begins when the essential facts are known or reasonably knowable through the exercise of diligence, not when the plaintiff later appreciates their full legal significance. *Burt*, 79 V.I. at 813–15.

The original complaint alleged that Defendants negligently advised Ethlyn Hall to enter into the 2003 ground lease, negligently drafted that lease, and failed to advise her of its tax consequences. It further alleged that Ethlyn Hall relied on Defendants' advice and skill. Those alleged acts and omissions occurred no later than January 23, 2003, when Ethlyn Hall executed the lease.

The 2003 transaction was not concealed from her. Ethlyn Hall signed the lease, knew its material terms, and knew Defendants' role in advising on and preparing it. The consideration, lease term, required improvements, and benefits conferred on family members appeared in the document she executed. Those are the same transaction terms the Estate now identifies as the source of the alleged injury.

The original complaint was not filed until May 5, 2011, more than eight years after the 2003 lease was executed. The legal malpractice and negligence claims arising from that transaction are therefore untimely.

The amended complaint, filed on January 21, 2013, added allegations concerning the 2008 lease transaction and the alleged failure to advise Ethlyn Hall of the tax consequences and income attributable to the 2003 and 2008 leases. Those claims are untimely as well. Ethlyn Hall granted the power of attorney used to negotiate the 2008 transaction and authorized that transaction through the power

of attorney and related documents. Any alleged negligence in advising on, drafting, or failing to explain the 2008 transaction occurred no later than December 2, 2008. The Estate did not assert those allegations until more than four years later.

The alleged failure to advise Ethlyn Hall of the transactions' tax consequences does not create a later accrual date. That alleged omission was complete when the transactions were executed. The later tax reporting did not constitute a new act of negligence or malpractice. It merely quantified an alleged consequence of transactions whose terms Ethlyn Hall already knew.

The discovery rule does not save either claim. Once Ethlyn Hall knew the transactions had occurred, knew their material terms, and knew Defendants' role in advising on and preparing them, the facts underlying the Estate's claims were known or reasonably knowable. *See Burt*, 79 V.I. at 813–15; *Santiago*, 57 V.I. at 273–74.

The relevant transactions, alleged acts and omissions, and filing dates are fixed. Both the legal malpractice claim and the separate negligence claim are time-barred.

## IV. THE LEGAL MALPRACTICE AND TAX LIABILITY CLAIMS ALSO FAIL FOR LACK OF ADMISSIBLE EVIDENCE.

Plaintiff alleges in Count III that Defendants failed to exercise reasonable care and skill in connection with the 2003 and 2008 ground leases and failed to advise Ethlyn Hall of their tax consequences. Plaintiff further alleges that Ethlyn Hall reasonably relied on Defendants' advice. Those allegations are not evidence.

*Hall v. Hall*, No. 3:11-CV-54
**TRIAL MEMORANDUM OF DEFENDANTS**
Page 11

Plaintiff must support each element of the claim with admissible proof sufficient to permit a reasonable jury to return a verdict in its favor. *Perez v. Ritz-Carlton (V.I.), Inc.*, 59 V.I. 522, 527–28 (V.I. 2013); *Anderson v. Am. Fed'n of Teachers*, 67 V.I. 777, 789 (V.I. 2017); *Viger v. Commercial Insurance Co. of Newark, N.J.*, 707 F.2d 769, 773 (3d Cir. 1983).

### A.    The Legal Malpractice Claim.

A legal malpractice claim requires proof of: (1) an attorney-client relationship giving rise to a duty; (2) breach of that duty; (3) a causal connection between the alleged negligence and the resulting injury; and (4) damages. *Reynolds v. Rohn*, 70 V.I. 887, 894–95 (V.I. 2019). Where the claim rests on allegedly negligent advice, causation requires proof that the client relied on that advice and suffered harm as a result. *See Moorehead v. Miller*, 102 F.R.D. 834, 837–38 (D.V.I. 1984); *Reynolds*, 70 V.I. at 897.

Plaintiff cannot supply that proof. Ethlyn Hall died on May 5, 2012, without her testimony having been preserved by deposition or in any prior proceeding. There is therefore no admissible testimony from her establishing what advice Defendants gave, whether she relied on it, whether she would have rejected or altered either transaction if advised differently, or whether any alleged omission concerning tax consequences affected her decision. Plaintiff has identified no other witness with personal knowledge capable of supplying that testimony.

Expert testimony does not cure that defect. An expert may offer an opinion concerning the applicable standard of care, the tax consequences of a transaction, or

a structure that might have been available. But an expert cannot testify from personal knowledge about what Defendants told Ethlyn Hall, what she understood, whether she relied on their advice, or what she would have done had different advice been given. Nor may an expert assume those historical facts and present the assumption as proof. Without admissible evidence of those predicate facts, an expert opinion on breach or an alternative transaction does not establish causation.

The record also does not establish the attorney-client relationship and scope of representation alleged against each Defendant. Hall & Griffith, P.C. did not exist until 2006, three years after the 2003 ground lease was executed. There is no retainer agreement between Hall & Griffith and Ethlyn Hall concerning that transaction. Nor is there admissible evidence establishing that either Defendant was retained to provide tax advice in connection with the 2003 or 2008 leases. The available evidence instead reflects that accountants who had long represented Ethlyn Hall prepared her tax returns and advised her concerning tax matters. [

These deficiencies matter because the existence of an attorney-client relationship does not establish an unlimited duty concerning every legal or tax consequence of a transaction. Plaintiff must prove the scope of the representation and that the advice allegedly omitted fell within it. On this record, Plaintiff cannot establish that Hall & Griffith owed any duty concerning the 2003 lease or that either Defendant undertook responsibility for Ethlyn Hall's tax advice.

Plaintiff also lacks competent evidence that any alleged breach caused a recoverable loss. Even if an expert identifies a different way the leases could have

been structured, Plaintiff must still prove that the alternative was lawful, available, and acceptable to Ethlyn Hall and that she would have chosen it. It must then prove that the alternative would have produced a better economic or tax result. No expert can answer the question only Ethlyn Hall could answer: whether she would have acted differently.

The same defect defeats the alleged failure-to-advise theory. Even assuming Defendants did not adequately explain the tax consequences, Plaintiff must prove that adequate advice would have changed Ethlyn Hall's decision and avoided or reduced the claimed liability. The absence of her testimony leaves that causal link missing.

The fact that the transactions produced tax consequences does not establish legal malpractice. Without admissible proof of the scope of Defendants' representation, the advice given, Ethlyn Hall's reliance, and what she would have done differently, Plaintiff cannot establish duty, causation, or damages. The legal malpractice claim must be dismissed.

### B.    The Tax Liability Claim

The tax liability claim fails for the same reason. Plaintiff cannot prove that Defendants' alleged failure to provide different tax advice caused Ethlyn Hall to incur the claimed liability.

To recover that loss, Plaintiff must prove more than that the transactions had tax consequences. It must show that Ethlyn Hall relied on Defendants for tax advice and that, had different advice been given, she would have rejected or

restructured the transactions and thereby avoided or reduced the tax. Her testimony was never preserved, and no other witness can supply those facts from personal knowledge.

Expert testimony cannot cure that defect. A tax expert may calculate the tax consequences of the transactions or identify a structure that might have produced a different result. But an expert cannot establish that Ethlyn Hall relied on Defendants' advice, that she would have accepted the proposed alternative, or that she would have acted differently had other advice been given. Those are historical facts concerning her own decisions, not matters of expert opinion.

The Form 1099-S proves no such causal link. Reporting $1,070,000 does not establish that Ethlyn Hall relied on Defendants for tax advice, that she would have chosen a different transaction, or that any alleged failure to advise caused the tax liability Plaintiff seeks to recover.

The claim is ripe, but Plaintiff cannot prove causation. It must be dismissed.

## V.    THE CONVERSION CLAIM MUST BE DISMISSED.

Conversion requires a wrongful exercise of control over personal property that belongs to another. To recover, Plaintiff must prove that Defendants wrongfully took, retained, or controlled specific property and that Ethlyn Hall had an immediate right to possess that property when the alleged conversion occurred. *See Ross v. Hodge*, 58 V.I. 292, 308–09 (V.I. 2013); *Isaac v. Crichlow*, 63 V.I. 38, 59–60 (V.I. Super. Ct. 2015); Restatement (Second) of Torts § 222A (Am. L. Inst. 1965). A future, contingent, or relinquished interest is not enough.

Plaintiff cannot satisfy those requirements.

The conversion theory is not clearly defined. To the extent Plaintiff contends that funds designated for construction of Phyllis Hall Brin's cottage were converted when they were redirected to complete Samuel Hall's home, the claim fails for several independent reasons.

First, there is no admissible evidence that the redirection was wrongful. On August 3, 2007, Ethlyn Hall signed a letter authorizing Samuel Hall to redirect the funds and cease construction of Phyllis's cottage. (Ex. B.) The document gives Samuel Hall the authority Plaintiff now claims he wrongfully exercised. Ethlyn Hall died without her testimony having been preserved, and Plaintiff has identified no admissible evidence that she did not understand, authorize, or consent to the use of the funds described in the letter. Nor has Plaintiff identified evidence that Samuel Hall exceeded the authority the letter granted.

Second, Ethlyn Hall had no ownership interest or immediate right to possession of the funds allegedly converted. Plaintiff's own expert, Attorney Nissman, testified that Ethlyn Hall made a completed gift of the relevant benefits to Phyllis Hall Brin and Yassin Hall and that nothing in the ground lease reserved to Ethlyn Hall the right to revoke that gift. (Nissman Tr. 26:11–25; 28:25–29:25; 34:24–35:19; 37:1–7.) Once that gift was complete, Ethlyn Hall no longer held the right to receive or control the benefits designated for the cottages.

*Ross* is directly on point. Once the plaintiff there conveyed his interest in the underlying property, he lost both the ownership interest and the corresponding

right to control the property or its proceeds. 58 V.I. at 308–09. The same is true here. Any immediate right to the continued construction of the cottage on Parcel 17-4, and to the use of funds for that purpose, belonged to Phyllis Hall Brin. It did not belong to Ethlyn Hall, her Estate, or the Trust. (Nissman Tr. 39:18–40:5; 44:17–45:25; 46:1–2, 20–25; 47:5–9.)

Third, Ethlyn Hall's retained interest was not an immediate right to possess the alleged funds. Under the ground lease, the only property interest she retained was the right to recover possession of Parcel 17-7 upon expiration of the lease, whether after fifty or seventy-five years, together with any right to enforce the lease. (Nissman Tr. 26:11–25; 28:25–29:25; 34:24–35:19; 37:1–7.) She retained no present right to receive the construction funds, lease proceeds, or other monetary benefits Plaintiff claims were converted.

A right to receive property in the future is not the immediate possessory right required for conversion. *See Finley v. Gov't of the V.I.*, 2019 VI SUPER 78U, ¶¶ 20–23 (V.I. Super. Ct. Nov. 12, 2019); *Olive v. DeJongh*, 57 V.I. 24 (V.I. Super. Ct. 2012). A remote reversionary interest in the land therefore cannot support a conversion claim concerning funds Ethlyn Hall had no present right to possess.

The claim also fails because Plaintiff cannot identify the specific property allegedly converted. Plaintiff has not established what funds were taken, their amount, when Defendants possessed them, or what immediate right Ethlyn Hall had to demand their return. The August 3, 2007 letter points the other way: it authorized the very use of funds Plaintiff now characterizes as conversion.

Plaintiff's own expert confirms the dispositive defect. If Attorney Nissman's opinion is credited, Ethlyn Hall made a completed gift and retained no immediate right to possess the funds allegedly converted. Without ownership or an immediate possessory right at the time of the alleged taking, neither the Estate nor the Trust can maintain a conversion claim.

The claim must be dismissed.

## VI.   THE JURY'S VERDICT INDEPENDENTLY BARS THE LEGAL MALPRACTICE, NEGLIGENCE, AND CONVERSION CLAIMS.

The jury's rejection of the Estate's fraud, breach of fiduciary duty, and unjust enrichment claims, affirmed on appeal and reduced to final judgment, independently bars relitigation of the legal malpractice, negligence, and conversion claims.

Collateral estoppel applies when: (1) the issue to be barred is identical to an issue actually and necessarily decided in the prior proceeding; (2) the prior proceeding resulted in a final, valid judgment on the merits; (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior proceeding; and (4) that party had a full and fair opportunity to litigate the issue. *Stewart v. V.I. Bd. of Land Use Appeals*, 66 V.I. 522, 549–50 (V.I. 2017). Each element is satisfied.

First, the prior trial resolved the same factual issues on which the Estate's remaining claims depend. The jury heard evidence concerning the 2003 ground lease, the 2008 lease transaction, the August 2007 authorization, Samuel Hall's

*Hall v. Hall*, No. 3:11-CV-54
**TRIAL MEMORANDUM OF DEFENDANTS**
Page 18

exercise of the power of attorney, the use of construction funds, and Defendants' conduct in connection with those transactions. Those same facts supported the Estate's claims for fraud, breach of fiduciary duty, and unjust enrichment. They now support its legal malpractice and conversion claims.

The Estate cannot prevail on legal malpractice without establishing that Defendants acted improperly in advising on or implementing the same transactions the jury already considered. Nor can it prevail on conversion without establishing that Defendants wrongfully exercised control over the same construction benefits and funds placed before the jury. The operative issues are the same.

Second, the prior proceeding resulted in a final and valid judgment on the merits. The jury returned a verdict for Defendants, the District Court entered judgment on that verdict, and the Third Circuit affirmed it. *Hall*, 753 F. App'x at 103–04.

Third, the Estate was the plaintiff in the prior proceeding and remains the plaintiff here. The identity-of-parties requirement is satisfied.

Fourth, the Estate had a full and fair opportunity to litigate these issues. It conducted discovery, presented evidence, examined witnesses, and submitted the challenged transactions to the jury as central components of its case. The Estate had every incentive to prove that Defendants acted wrongfully. The jury rejected that position.

The Estate cannot relitigate the same issues by attaching different legal labels to the same conduct. Having tried the propriety of these transactions to a

*Hall v. Hall*, No. 3:11-CV-54
**TRIAL MEMORANDUM OF DEFENDANTS**
Page 19

jury and lost, it is barred from relitigating those issues through legal malpractice, negligence, and conversion claims. *Stewart*, 66 V.I. at 549–50.

## VII.    PLAINTIFF CANNOT ESTABLISH A RIGHT TO AN ACCOUNTING

Equitable accounting is a remedy of restitution where a fiduciary defendant is forced to "disgorge gains received from the improper use of the plaintiff's property or entitlements." 1 DAN B. DOBBS, LAW OF REMEDIES section 4.3(5), at 601 (2d ed. 1993); *Government Guarantee fund of the Republic Of Finland v. Hyatt Corp.* 955 F.Supp. 441 (1997). The plaintiff must make a prima facie showing of a breach of fiduciary duty plus gross receipts resulting to the fiduciary which would then trigger the defendant to prove what deductions are appropriate to obtain a net profit. Dobbs observed that "in light of extensive modern discovery, this type of accounting has little or no use today." The plaintiffs in the instant case cannot qualify for a remedy of accounting.

The facts of this case disclose that the ground lease entered by Ethlyn Hall on January 23, 2003 reserved to her a right to sue upon breach, and the right to the return to possession of parcel 17-7 Peter Bay, only at the termination of the lease in 50 or an extended term of 75 years. Nowhere in the ground lease did Ethlyn reserve to herself the right to an accounting. The right to both injunctive relief and specific performance was expressly reserved to Phyllis Hall and Yassin Hall. Ethlyn relinquished all rights to the proceeds of the lease in favor of the construction of cottages on the 17-4 and 17-6 Estate Peter Bay. The rights to the monetary value of the ground lease existed only in Phyllis, Yassin, and by little of the reprogramming

*Hall v. Hall*, No. 3:11-CV-54
**TRIAL MEMORANDUM OF DEFENDANTS**
Page 20

letter to Sam Hall. Since there were no moneys received by the agent, Sam, on behalf of a principal, Ethlyn, no equitable right of an accounting could exist. Further, if such a right ever existed, as Dobbs explains, the modern discovery methods do away with the use and need for a remedy of an accounting.

## CONCLUSION

The Third Circuit's mandate returned the legal malpractice, conversion, and tax liability claims for further proceedings. It did not foreclose the independent grounds for judgment presented here.

Each remaining claim fails. The legal malpractice and conversion claims did not survive Ethlyn Hall's death. The legal malpractice claim and negligence claim is also time-barred and unsupported by competent evidence of causation or damages. The tax liability claim lacks proof of any recoverable tax injury attributable to Defendants. The conversion claim fails because the Estate cannot establish, an immediate right to possession, or identifiable property subject to conversion. The jury's final verdict independently bars relitigation of the factual issues underlying the legal malpractice and conversion claims.

Defendants Samuel H. Hall, Jr. and Hall & Griffith, P.C. respectfully request that the Court enter judgment in their favor on all remaining claims.

Dated: July 17, 2026

/s/*Robert L. King, Esq.*
ROBERT L. KING, ESQ.
5043 Norre Gade Ste. 2
St. Thomas, VI 00802
(340) 714-4040
rlking@attyking.com
Attorney for Defendants

*Hall v. Hall*, No. 3:11-CV-54
**TRIAL MEMORANDUM OF DEFENDANTS**
Page 21

# CERTIFICATE OF SERVICE

It is hereby certified that on the 17th day of July, 2026 I electronically filed

the foregoing pleading pursuant to Rule 26.1 with the Clerk of the Court using the

CM/ECF system, which will send a notification of such filing (NEF) to the following:

> Andrew C. Simpson, Esq. (VI Bar No 451)
> 2191 Church Street, Suite 5
> Christiansted, St. Croix, VI  00820

*/s/ Robert L. King, Esq.*